NORTHWEST FINANCE CO., Respondent, v. NORD, Director of Taxation, et al., Appellants.

(19 N. W.2d 578.)

(File No. 8723. Opinion filed July 27, 1945.)

**George T. Mickelson,** Atty. Gen., and **Benj. D. Mintener,** Asst. Atty. Gen., for defendants and Appellants.

**F. W. Noll,** of Aberdeen, for plaintiff and Respondent.

SMITH, P.J.   The question for decision is whether that portion of the income of the plaintiff, a domestic financial corporation, derived from intangibles at their North Dakota branch office, is to be considered in calculating its tax under Chapter 263, Laws of 1939.   The declaratory judgment of the trial court favored the taxpayer, and the Director of Taxation has appealed.

The pertinent provisions of Ch. 263, Laws of 1939, read as follows:

"Section 4.   Beginning on the first day of January, 1939, an annual tax is hereby imposed on every banking corporation or association other than national banks, and upon every other financial corporation as above described doing business in this state for the grant to it of the privilege of transacting, or for the actual transaction by it, of business within this state during any part of its tax year.

"Section 5.   The liability for the tax imposed by Section 3 shall arise upon the first day of the calendar year of 1939 and upon the first day of each tax year thereafter and shall be based upon the net income of the corporation and measured by the net income assignable to this state at the rate of three per cent (3%).

"Section 6.   The net income of the corporation shall be computed in the manner outlined in Chapter 57.26 of the

South Dakota Code of 1939, after eliminating therefrom Section 57.2607 and Subsection (4) of Section 57.2602. For the purposes of this act stocks, bonds and other securities shall be considered stock in trade rather than capital assets."

The applicable part of SDC 57.2707, included in Ch. 263, Laws of 1939, by reference reads as follows:

"For the purpose of taxation, income from merchantile or manufacturing business shall follow the situs of the business from which derived. Income derived from rentals and royalties, from real estate or tangible personal property, or from the operation of any farm, mine, or quarry, or from the sale of any real property or tangible personal property shall follow the situs of the property from which derived. All other income, including royalties from patents, income derived from personal services, professions, and vocations and from land contracts, mortgages, stocks, bonds, and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except where the recipient is a nonresident beneficiary of a trustee in which the trustee or fiduciary is a resident of this state or is required to file or make reports within this state.

"Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state. The amount of such income apportionable to South Dakota may be determined by an allocation and separate accounting thereof, when, in the judgment of the Director of Taxation, that method will reasonably reflect the income properly assignable to this state, but otherwise in the following manner: there shall first be deducted from the total net income of the taxpayer, such part thereof less related expenses, if any, as follows the situs of the property or the residence of the recipient. In the case of income which follows the residence of the recipient, the amount of interest and dividends deductible under this provision shall be limited to the total interest and dividends received which are in excess of the total interest or related expenses, if any, paid and allowable as a deduction under the provisions of this chapter during the income year. The remaining net income shall be apportioned to South Dakota on the basis of the ratio obtained

by taking the arithmetical average of the following three ratios: * * *."

It was stipulated:

"That the plaintiff, Northwest Finance Company, is a corporation duly organized and existing under the laws of the State of South Dakota, with its principal place of business at Huron, South Dakota, and is engaged in the business of discounting and rediscounting commercial paper, purchase of conditional sales contracts and the general finance business. * * *

"That as a portion of said business, the said plaintiff maintains an office at Bismarck, North Dakota, with a resident manager residing at Bismarck, North Dakota and that all business transacted at the said Bismarck branch of said corporation is kept wholly separate and distinct from the transactions occurring within the State of South Dakota. That all loans or discounts or rediscounts from said North Dakota branch arise wholly within the State of North Dakota and that all commercial paper owned by said Bismarck branch are kept wholly within the State of North Dakota, and that none of the securities were ever at any time present within the State of South Dakota, and that such branch business is operated as a separate and distinct business from that conducted by said corporation within the State of South Dakota; subject, however to the order of the Board of Directors of said plaintiff corporation.

"That the plaintiff corporation * * * has paid to the State of North Dakota tax upon the income derived from the loans, discounts and rediscounts arising wholly within the State of North Dakota."

The power of this state to impose a franchise tax upon a domestic corporation measured in part by income from intangibles which have acquired a business situs elsewhere is conceded. The controversy is with reference to the legislative intention revealed by the quoted statutory provisions.

Predicated upon that portion of the first paragraph of SDC 57.2707, supra, which provides that "income derived * * * from land contracts, mortgages, stocks, bonds, and

securities or from the sale of similar intangible personal property, shall follow the residence of the recipient" and that portion of the second paragraph thereof which directs that income which follows the residence of the recipient shall first be deducted before applying the ratios of apportionment, the Director of Taxation asserts that the legislature expressed the intention that income from all intangibles shall be included in the franchise tax base of a domestic bank or financial corporation.

Predicated upon the nature of the tax as an imposition upon the privilege of doing business within the state, and upon the language of SDC 57.2707 reading "Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted * * * within the state," the taxpayer, on the other hand, asserts that the income in question, while connected with intangibles, was derived from the operation of a finance business within the State of North Dakota, and should therefore be excluded from their South Dakota franchise tax base under a proper construction of Ch. 263, Laws of 1939. We have concluded that this contention of the taxpayer must be sustained. That conclusion seems impelled by a reading of the words employed by the legislature in the light of certain practical considerations.

In gaining a true understanding of the intention of the legislature, it seems to be of prime importance to note that Ch. 263, Laws of 1939, deals with a very limited and special class of corporations. The peculiar characteristic of these corporations, of present significance, is that they are organized to deal in intangibles and derive their income almost exclusively from that source. In view of this fact, which was known to the legislature, we find it difficult to perceive a reason which would have prompted the inclusion of all `of the detailed provisions of SDC 57.2707 as a part of this act, if the legislature intended that all of the income of these corporations derived from intangibles should be deemed to follow the residence of the recipient in determining the amount of their privilege tax. Obviously, because the sole business of the only corporations to which the act applies is

that of dealing in intangibles, the provision of SDC 57.2707 upon which the taxpayer stands, viz., "Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted * * * within the state," becomes redundant and meaningless verbiage if the language emphasized by the Director is to be accorded the controlling force he advocates.

█ Added insight will be gained through applying the theories advocated by the Director of Taxation to a foreign financial corporation. We cannot escape the conclusion that the act establishes a scheme of apportionment of net income which applies indifferently to foreign and domestic corporations. Under the asserted rule, a foreign financial corporation could set up a branch office in this state, as the plaintiff did in North Dakota, and carry on a thriving business in loans and discounts without making any substantial contribution to the costs of government. It is, of course, inconceivable that such was the intention of the legislature. It intended to relate the excise tax of these corporations to the actual value of the privilege granted and thus exact something in the nature of a quid pro quo. It expressly said that "Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted * * * within the state."

██ It is elementary that a statute must be so construed as to harmornize and give effect to all of its provisions. This act is subject to such a construction. Income of the character under consideration arises from the operation of a business in North Dakota and from intangibles which have acquired a so-called business situs in that state. Such income is in a class apart from that derived by a domestic financial corporation, engaged in business wholly within the state, from intangibles located elsewhere but which have not acquired a business situs outside of the state. Income of the type first described is excluded from the privilege tax base of the taxpayer. It is the product of the out-of-state operations of a person engaged in business within and without the state. Income of the character last described does not accrue to a corporation "engaged in business within and

without the state" and consequently "follows the residence of the recipient."

The judgment of the trial court is affirmed.

ROBERTS, RUDOLPH, and SICKEL, JJ., concur.

POLLEY, ·J., not sitting.