**UNITED STATES of America, Appellee,**

v.

**Terry SHAW, Appellant.**

**No. 77–1050.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1978.
Decided Feb. 16, 1978.

Warren W. Friedman, St. Louis, Mo., for appellant; Edward C. Cody of Klutho, Cody & Kilo, St. Louis, Mo., on the brief.

Mitchell F. Stevens, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short (former U. S. Atty.), St. Louis, Mo., on the brief.

Before GIBSON, Chief Judge, and ROSS and WEBSTER,* Circuit Judges.

ROSS, Circuit Judge.

Terry Shaw appeals from his conviction on two counts of knowingly and intentionally distributing a controlled substance (cocaine) in violation of 21 U.S.C. § 841(a)(1). We affirm.

The principal government witness, Robert W. Luna, a paid informant, testified that he made two separate purchases of cocaine from Shaw. The two transactions, one June 24, 1976, and one on September 14, 1976, occurred in almost identical fashion. Luna telephoned Shaw from the Narcotics Division of the St. Louis Police Department and negotiated the purchases. The calls were tape recorded by St. Louis police officers, who then strip-searched Luna, gave him purchase money, and drove him to Shaw's home where the purchases were made. On June 24, Luna purchased a packet containing .65 grams of cocaine; on September 14, he purchased two packets containing 1.5 grams of cocaine.

Shaw testified and admitted selling the cocaine to Luna, whom he had known for about ten years. He based his defense on entrapment. He testified that Luna had pressured him to obtain narcotics and had told him where, and from whom, to purchase the cocaine. He maintained that he had not sold drugs to anyone else.

The jury found Shaw guilty on both counts and the district court sentenced him to concurrent five-year sentences, to be followed by a three-year special parole term. On appeal Shaw contends that the district court erred in the jury instruction on entrapment; that there was no evidence of his predisposition to commit the crimes; and that the government's allegedly prejudicial closing argument denied him a fair trial.

### A. Entrapment Instruction

The allegedly erroneous entrapment instruction[1] was given to the jury without

---

* Judge Webster participated in the hearing of this case but did not participate in the preparation of the opinion.

1. The instruction, derived from 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 13.09 (3d ed. 1977), reads as follows:

Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law as a matter of policy forbids his conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provided what appears to be a favorable opportunity is not entrapment. For example, when the government suspects that a person is engaged in illicit sale of narcotics, it is not entrapment for a government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to purchase narcotics from the suspected person.

If, then, the jury should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit crimes such as are charged in the indictment, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then the jury should find that the defendant is not a victim of entrapment.

objection, and thus is reviewable only for plain error. *See* Fed.R.Crim.P. 30. *See, e. g., United States v. Gambina,* 564 F.2d 22, 24 (8th Cir. 1977).

■ Shaw presents two distinct arguments in regard to the instruction. First, he contends that it is not an accurate statement of the law. This argument is without merit. The challenged instruction has been approved by this court. *See Willis v. United States,* 530 F.2d 308, 310–11 (8th Cir.), *cert. denied,* 429 U.S. 838, 97 S.Ct. 108, 50 L.Ed.2d 105 (1976).

Shaw's second objection is that the instruction did not distinguish between a "previous intent or purpose to commit any offense of the character charged" prior to June 24, 1976, and a "previous intent or purpose to commit any offense of the character charged" prior to September 14, 1976. He contends that this failure to distinguish between the two offenses allowed the government to "bootstrap" its proof regarding predisposition by showing evidence relating to the second transaction as being relevant to his predisposition to commit the first offense, and vice versa. This argument is also unpersuasive. When reviewing instructions we must consider the jury charge as a whole. *See United States v. Wright,* 564 F.2d 785, 789 (8th Cir. 1977); *United States v. Nance,* 502 F.2d 615, 619–20 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975). As part of its charge the district court instructed the jury that a separate claim or offense was charged in each count of the indictment, and that each count and the evidence pertaining to it, should be considered separately. It further instructed that, unless otherwise indicated, each instruction should be considered as referring separately and individually to each count of the indictment. The instructions properly informed the jury of its responsibility.

> On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit an offense of the character charged, apart from the inducement or persuasion of some officer or

## B. Sufficiency of Evidence/Predisposition

Shaw next contends that the district court should have granted his motion for judgment of acquittal at the close of all the evidence because the government failed to introduce sufficient evidence that he was predisposed to commit the crimes.

■ A judgment of acquittal should have been granted only if Shaw demonstrated entrapment as a matter of law. To make that showing the evidence must clearly have indicated that a government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent. *See Sorrells v. United States,* 287 U.S. 435, 442, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *United States v. Gurule,* 522 F.2d 20, 23 (10th Cir. 1973), *cert. denied,* 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976). If the evidence on entrapment was conflicting, the issue was properly submitted to the jury. *See, e. g., United States v. Gurule, supra,* 522 F.2d at 23.

■ The government relies on the taped telephone conversations which allegedly show that Shaw conducted himself like a businessman dealing in narcotics, not like an innocent dupe helping a beleaguered friend. Our review of the transcripts of these conversations convinces us that the jury could reasonably infer that Shaw was willing to sell cocaine to Luna. In addition, on cross-examination, Shaw admitted that he knew what he was doing when he sold the cocaine to Luna; that Luna did not threaten him or promise him anything other than payment; and that he willingly obtained the cocaine for Luna. This evidence was sufficient to submit the issue of entrapment to the jury. Furthermore, the evidence, viewed in the light most favorable to the government,[2] was sufficient for the

agent of the government, then it is your duty to find him not guilty.

2. Since the jury found Terry Shaw guilty of the offenses charged, this court must view the evidence in the light most favorable to the govern-

jury to find that Shaw was predisposed to commit the crimes charged.

## C. Prosecutorial Misconduct/Closing Argument

Finally Shaw contends that five statements made during the government's closing argument were improper and collectively amounted to a denial of a fair trial. Although we are ultimately unpersuaded by this argument, we briefly comment on two of the challenged statements.

■ Shaw contends that the government's reference to a tape recorded telephone conversation was based on evidence not presented to the jury. Although this particular conversation is not listed among the six separate taped conversations that were played for the jury, the trial transcript indicates that the tape was admitted into evidence. However, even if the tape recording was not played for the jury, Shaw had admitted on cross-examination that he made the statements to which the government referred. Thus, the facts referred to in closing argument were before the jury.

■ Shaw also contends that the prosecutor impermissibly commented on his personal opinion of Shaw's credibility by saying:

First of all there is a question by Mr. Taylor [defense counsel] as to why not call Mr. Luna back on the stand. I'll tell you, that's my decision and I felt if I called Mr. Luna back on the stand it would only lend credibility to what Mr. Shaw had to say and *I just didn't believe Mr. Shaw was that credible.* (Emphasis added).

Shaw did not object at the time the statement was made. Thus, in order to reverse, we must find that the error was "so prejudicial as to have 'affected substantial rights resulting in a miscarriage of justice.'" *United States v. Splain,* 545 F.2d 1131, 1136 (8th Cir. 1976), *quoting United States v. Big Crow,* 523 F.2d 955, 960–61 (8th Cir. 1975),

ment. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Unit-*

*cert. denied,* 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976).

Although we agree that this statement indirectly expressed an opinion of Shaw's guilt, in view of the limited nature of the comment and the otherwise strong evidence against Shaw, we do not find the error to be prejudicial. *See, e. g., United States v. Splain, supra,* 545 F.2d at 1135. *Cf. United States v. Daniels,* 528 F.2d 705, 709 (6th Cir. 1976).

Accordingly, the judgment of conviction is affirmed.

*ed States v. Abrahamson,* No. 77–1643 568 F.2d 604 (8th Cir., filed Jan. 13, 1978).