**UNITED STATES of America, Appellee,**

v.

**Julian B. WALLACE, Appellant.**

**No. 78–1854.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1979.

Decided May 2, 1979.

Rehearing and Rehearing En Banc Denied May 25, 1979.

C. Clifford Schwartz, Shaw, Howlett & Schwartz, Clayton, Mo., argued and on brief, for appellant.

Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo. (argued), and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Julian B. Wallace appeals from his conviction for knowingly and intentionally distributing cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that the District Court erred in overruling his motion to suppress taped telephone conversations, in admitting certain evidence, and in failing to give one of his requested instructions. We affirm.

Wallace's principal argument concerns his suppression motion. The government introduced tape recordings of telephone conversations between Wallace and a government informant, Michael Rankin. He contends that the recorded conversations were obtained without a court order in violation of 18 U.S.C. § 2518 and the Fourth Amendment. Wallace concedes that if Rankin freely and voluntarily consented to the recording, the tapes are admissible. *See United States v. Rich*, 518 F.2d 980, 984–985 (8th Cir. 1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976); *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974), *cert. denied*, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). *But see*, S.Rep.No. 1097, 90th Cong., 2d Sess. (1968); Additional Views of Mr. Hart on Title III of S. 917, *reprinted in* [1968] U.S.Code Cong. & Admin.News, pp. 2236–2237. After carefully reviewing the record, we conclude that the government carried its burden of establishing the voluntariness of Rankin's consent. Hubert Dale Simpson, a St. Louis Police officer, testified that Rankin knew that the telephone conversations were being recorded and had consented to the procedure.[1] Anton Rudolph Wagner, another St. Louis Police officer, testified that he advised Rankin that in exchange for his help he would inform the St. Louis Circuit Attorney of his assistance, which might help him with regard to a felony charge that was currently pending against him for stealing. *See United States v. Rich, supra* at 985. We also conclude that the government laid a proper foundation for the tape recordings. *See Slatinsky v. Bailey*, 330 F.2d 136 (8th Cir. 1964).

1. Simpson's testimony was admissible pursuant to Fed.R.Evid. 803(3).

■ We have carefully reviewed Wallace's remaining arguments and find them to be without merit. The testimony about a conversation that Simpson had with Wallace concerning the possible purchase of other contraband was properly admitted under Fed.R.Evid. 404(b). There was a proper foundation laid for the introduction of the cocaine sold by Wallace. The District Court properly refused Wallace's proposed instruction on entrapment and properly gave the government's proposed instruction. *See United States v. Shaw*, 570 F.2d 770, 771–772 (8th Cir. 1978).

The judgment is affirmed.