**UNITED STATES of America, Appellee,**

v.

**Joseph Dean LEE, Appellant.**

**No. 80–1833.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1980.

Decided Nov. 4, 1980.

Robert C. Gross, Cedar Rapids, Iowa, for appellant.

James H. Reynolds, U. S. Atty., N. D. Iowa, Robert L. Teig, Asst. U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before ROSS and HENLEY, Circuit Judges, and RENNER, District Judge.*

PER CURIAM.

Joseph Dean Lee appeals his conviction on three counts of distribution and conspiracy to distribute Phencyclidine (PCP).

Lee alleges that the district court erred in denying his motion for a new trial. We find no error in the district court's denial of the motion and therefore we affirm.

On June 25, 1980, Joseph Dean Lee and Russell Krug were indicted on charges of distribution and conspiracy to distribute PCP. Pursuant to a plea agreement Krug testified at Lee's trial. Krug testified that Lee was the supplier of the PCP which Krug and Lee sold to state and federal agents. The agents testified about the sales and identified taped phone conversations between themselves and Lee.

At trial, Lee's defense was entrapment and he alleged that Krug had induced him into participating in the sales. Testimony by Krug established that Lee had been providing Krug with drugs for some months prior to the transactions alleged in the indictment. Krug did not know that he had been selling to government agents until his arrest.

Additionally, during a taped phone conversation with federal agents Lee stated that he had drugs in his possession which were available for sale. Lee also indicated in the phone call that additional quantities of the drugs were available. On August 5, 1980, the jury returned guilty verdicts on the counts charged.

After Lee's trial, Krug sent a letter to the federal magistrate in which he stated that he wanted a new attorney and had

been "pressured into lying on the stand." On August 14, 1980, the district court allowed Krug to change his plea and new counsel was appointed. At this hearing, Krug denied lying at Lee's trial but stated that his testimony had not been accurate.

On August 22, 1980, Krug entered a guilty plea to the charges. Krug's attorney denied that his client had lied but stated that Krug felt that defense counsel for Lee had not been "sufficiently precise" in his cross-examination during Lee's trial.

On September 2, 1980, the district court denied Lee's motion for a new trial which had been based on Krug's recantation of his testimony. The district court noted that after Lee's motion for a new trial was filed, the court had questioned Krug at two proceedings and Krug testified that he did not lie on the stand. The court also found that the evidence of defendant's guilt was "overwhelming." Lee's motion alleged that Krug had lied regarding the pressure he placed on Lee to bring drugs into the state and regarding their prior dealings. The district court found that "it is doubtful that even if true the new evidence would have resulted in acquittal" and that at best "the evidence referred to is cumulative or impeaching."

At the outset we note that:
[T]he impact of recanted testimony as a basis for a new trial motion depends both on the credibility of the recanting witness and the materiality of his testimony. Unless the recanted testimony would probably produce an acquittal on retrial, a new trial motion on this ground must be denied.

*Mastrian v. McManus*, 554 F.2d 813, 822–23 (8th Cir.), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). (Citations omitted.) The district court did not specifically rule on the credibility of Krug's testimony. However, in view of Krug's "indecision" on whether he had told the truth at Lee's trial, neither Krug's testimony *nor his*

---

* The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, sitting by designation.

*recantation* appear credible. More importantly, the materiality of Krug's testimony in relation to Lee's entrapment defense is minimal at best.

 The district court correctly instructed the jury that a defense of entrapment requires that defendant show that he was "induced or persuaded by law enforcement officers or their agents to commit a crime." *See Sorrells v. United States*, 287 U.S. 435, 451–52, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1982). In this case there is no evidence that Krug was a government agent or was acting for the government in helping to arrange the delivery by defendant of drugs to the law enforcement agents. The only government involvement the defendant alludes to on appeal is that the government agent secured delivery of the drug in Iowa rather than in Illinois and convinced defendant to sell him one–half pound of PCP rather than a quarter pound. These facts do not establish that "the criminal design originate[d] with the officials of the Government * * *." *Sorrells, supra*, 287 U.S. at 442, 53 S.Ct. at 212.

Even assuming, for the sake of argument, that the government agent induced the defendant's crime, there is more than ample evidence of the defendant's predisposition to commit the crime. And, the evidence must be viewed in the light most favorable to the government. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

Lee's own testimony established that he had been supplying drugs to Krug for almost a year. Lee also admitted that for 6 months prior to his arrest, he had been selling drugs to Krug and he knew Krug was reselling the drugs. The most convincing evidence of defendant's predisposition is the series of taped phone conversations between the defendant and drug agents. These conversations establish that the defendant "conducted himself like a businessman dealing in narcotics, not like an innocent dupe helping a beleaguered friend." *United States v. Shaw*, 570 F.2d 770, 772 (8th Cir. 1978).

Accordingly, the judgment of conviction is affirmed.