UNITED STATES of America, Appellee,

v.

Elizabeth A. RANDOLPH, Appellant.

No. 84–1079.

United States Court of Appeals,
Eighth Circuit.

Submitted June 7, 1984.

Decided June 25, 1984.

Robert G. Ulrich, U.S. Atty., John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

James H. Green, Kansas City, Mo., for appellant.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Elizabeth A. Randolph appeals from the judgment of conviction entered in the District Court[1] for the Western District of Missouri after a jury found her guilty on two counts of unlawfully acquiring and possessing food stamp coupons, in violation of 7 U.S.C. § 2024(b) (1982). The district court suspended imposition of sentence on both counts, placed appellant on probation for two years, imposed fines totalling $1,000.00, and ordered restitution in the amount of $455.00. For reversal appellant alleges that the district court erred in (1) denying her motion for acquittal on Count I because she established as a matter of law that she was entrapped into committing the crimes with which she was charged and (2) failing to sever Count II from the indictment for a separate trial. For the reasons discussed below, we affirm.

On October 26, 1982, undercover agent Jill Hayden of the United States Department of Agriculture (USDA) contacted appellant's sister, Doris Hubbard, and offered to sell her food stamp coupons at a discount. The two met at the sister's home, where appellant had recently arrived for a

visit. In appellant's presence, Hayden identified herself as "Brenda" and offered to sell Doris Hubbard food stamps. After dickering over the price, Hayden agreed to sell the food stamps with a face value of $400.00 for $170.00. After completing the transaction with Hubbard, Hayden approached appellant, who indicated that she also wanted to purchase $400.00 worth of food stamps for $170.00. Hayden sold the food stamps to her. The transaction formed the basis for Count I of the indictment.

On December 4, 1982, undercover USDA agents Roy Thorne and Carole Schmitt sold appellant $400.00 in food stamps for $175.00. This transaction underlay Count II of the indictment. The agents testified that after completing the sale, appellant asked them if she could obtain the food stamps at a better price because she knew many prospective buyers and said that she was willing to act as an intermediary between the agents and third party buyers. At trial appellant denied making these statements and testified that she had never seen Thorne and Schmitt before trial.

█ With respect to Count I, appellant alleges that she was entrapped as a matter of law. The question of entrapment is ordinarily one for the jury. *United States v. Quinn,* 543 F.2d 640, 647 (8th Cir.1976). For a defendant to establish entrapment as a matter of law, "[t]he evidence must clearly have indicated that a government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent." *United States v. Shaw,* 570 F.2d 770, 772 (8th Cir.1978). "The key question is therefore whether the government agent caused or induced the defendant to commit a crime he was not otherwise predisposed—*i.e.,* willing and ready—to commit whenever a propitious opportunity arose." *United States v. Lard,* 734 F.2d 1290, 1293 (8th Cir.1984).

---

1. The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri.

Viewing the evidence in the light most favorable to the government, *see United States v. French*, 683 F.2d 1189, 1192 (8th Cir.), *cert. denied*, 459 U.S. 972, 103 S.Ct. 304, 74 L.Ed.2d 284 (1982), we conclude that appellant was ready and willing to purchase the food stamps and that the government agent did not implant the idea in her mind. "There was no evidence that Agent [Hayden] did anything other than offer [appellant] the opportunity to commit a crime. This does not constitute entrapment." *Holmes v. United States*, 709 F.2d 19, 20 (8th Cir.1983) (per curiam) (citation omitted).

Appellant further alleges that the district court erred in failing to sever Count II from the indictment and conduct a separate trial on that count. A request for a severance of charges under Fed.R. Crim.P. 14 must be made prior to trial. Fed.R.Crim.P. 12(b)(5). Failure to do so results in a waiver of the request, except for good cause shown. Fed.R.Crim.P. 12(f). Appellant at no time requested the district court to sever the charges and conduct separate trials. Consequently, appellant has waived her right to raise this objection, and we will not entertain it for the first time on appeal.

Accordingly, the judgment of the district court is affirmed.