STATE of South Dakota, Plaintiff
and Appellee,

v.

Dan WOODS, a/k/a Danny Carl
Woods, Defendant and
Appellant.

No. 14546.

Supreme Court of South Dakota.

Considered on Briefs Nov. 30, 1984.

Decided Jan. 23, 1985.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John E. Harmelink, Yankton, for defendant and appellant.

FOSHEIM, Chief Justice.

Dan Woods (Woods) appeals his jury conviction for Distribution of Marijuana with Consideration in violation of SDCL 22–42–7. He was also convicted on two counts of

Possession of Property with Altered Serial Number. His claimed errors on appeal relate only to the distribution conviction.

In late 1982, Yankton County law enforcement officials began investigating illegal drug traffic in that area. Sheriff Hunhoff arranged for Michael Sanders to act as a paid undercover agent. After several unproductive meetings, Sanders purchased marijuana from Woods. The transaction was simultaneously monitored by Sheriff Hunhoff and tape recorded through a device worn by Mr. Sanders. The recording and the sheriff's testimony as to what he heard were admitted into evidence.

Woods contests the trial court's ruling admitting the recording into evidence. There are two rationales for admitting this evidence. We will address both.

First, Woods claims the recording was inadmissible because only one party to the conversation consented and there was no court order authorizing the recording. He argues that his conversation with Sanders is an "oral communication" which was illegally "intercepted," as those terms are defined by SDCL 23A–35A–1(2) and (3).[1] SDCL 23A–35A–2 allows a court to grant an order permitting electronic interceptions of oral communications to provide evidence of unauthorized distribution of marijuana offenses. Woods then contends that since no prior court order was granted, the recording was inadmissible.

■■■ We disagree. To qualify as an SDCL 23A–35A–1(2) "oral communication," an individual must have a justified expectation that his oral communication with another will not be subject to interception. Law enforcement agencies may utilize police informants to obtain incriminating evidence from a defendant. See, Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966) reh den., 386 U.S.

939, 87 S.Ct. 951, 17 L.Ed.2d 811 (1967). Agents may simultaneously record or transmit direct conversations with defendants and later testify to those conversations. See, Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). There is an established difference between an expectation that some unknown, uninvited third person will eavesdrop and the risk that even a trusted friend will repeat or allow others to hear what you have said. See, Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966) reh den., 386 U.S. 940, 87 S.Ct. 970, 17 L.Ed.2d 880 (1967). In the latter situation, a defendant assumes the risk of disclosure, as there exists no justified expectation of privacy. Id. Justice Harlan, writing for the majority in Lopez, stated:

> Stripped to its essentials, petitioner's argument amounts to saying that he has a constitutional right to rely on possible flaws in the agent's memory, or to challenge the agent's credibility without being beset by corroborating evidence that is not susceptible of impeachment. For no other argument can justify excluding an accurate version of a conversation that the agent could testify to from memory. We think the risk that petitioner took in offering a bribe to Davis fairly included the risk that the offer would be accurately reproduced in court, whether by faultless memory or mechanical recording. Lopez, supra 373 U.S. at 439, 83 S.Ct. at 1388.

Thus, when one person consents, there is no justified expectation that the communication will not be intercepted. See, United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), reh den., 402 U.S. 990, 91 S.Ct. 1643, 29 L.Ed.2d 156 (1971). Interception under SDCL 23A–35A–1(3) and the SDCL ch. 23A–35A proce-

---

1. SDCL 23A–35A–1(2) & (3) provide:
   As used in this chapter, unless the context otherwise requires:
   ....
   (2) "Oral communication" shall mean any oral communication uttered by a person exhibiting an expectation that such communica-

tion is not subject to interception under circumstances justifying such expectation;
(3) "Intercept" shall mean the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device[.]

dural requirements refer to, and are dependent upon the existence of, "oral communications" under SDCL 23A–35A–1(2). Because we find no justified expectation of privacy in a one party consent recording, no "oral communication" exists for purposes of this statute, SDCL 23A–35A–1(2); *White, supra; Hoffa, supra; Lewis, supra; Lopez, supra,* and defendant's argument fails.

We next address the State's argument that SDCL 23A–35A–20(2) exempts one party consent recordings from prior court authorization. Woods contends that this section exempts those who acquire one party consent recordings only from criminal prosecution, and not from the procedural requirements of the statute. SDCL 23A–35A–20[2] provides criminal penalties for those who record a conversation without the consent of a party to such conversation. This statute must, if possible, be read in harmony with the remainder of SDCL ch. 23A–35A and particularly SDCL 23A–35A–1(2) & (3) so as to give effect to all its provisions. *Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292 (S.D.1982); *State v. Hirsch,* 309 N.W.2d 832 (S.D.1981); *State v. Heisinger,* 252 N.W.2d 899 (S.D.1977); *Northwest Finance Co. v. Nord,* 70 S.D. 549, 19 N.W.2d 578 (1945). Enactments of the Legislature must be considered as a whole. *Johnson v. Kusel,* 298 N.W.2d 91 (S.D.1980); *Matter of Heuermann,* 90 S.D. 312, 240 N.W.2d 603 (1976).

■ The State argues that because the exemption found in SDCL 23A–35A–20(2) is nearly identical to exemptions found in federal law, *see,* 18 U.S.C. §§ 2518 & 2511(2)(d), our statute should be construed to allow one-party consent recordings with-

out prior court authorization, as did the Eighth United States Court of Appeals. *United States v. Wallace,* 597 F.2d 641 (8th Cir.1979); *cert. denied,* 444 U.S. 856, 100 S.Ct. 114, 62 L.Ed.2d 74 (1979); *see also, United States v. Rich,* 518 F.2d 980, 984–985 (8th Cir.1975) *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976); *United States v. McMillan,* 508 F.2d 101, 104 (8th Cir.1974), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). Considering our interpretation of SDCL 23A–35A–1(2) and the fact that we may look to federal courts for guidance in interpreting similar statutory requirements and rules, we agree. *See e.g., City of Brookings v. Dept. of Environmental Protection,* 274 N.W.2d 887 (S.D.1979); *State v. Kane,* 266 N.W.2d 552 (S.D.1978); *Brasel v. Myers,* 89 S.D. 114, 229 N.W.2d 569 (1975). In so doing, we retain the exemption from criminal penalties under SDCL 23A–35A–20(2), give effect to the definitional requirements for oral communications of SDCL 23A–35A–1(2), and maintain consistency throughout the entire chapter.

■ The trial court was correct in admitting the tapes. We have reviewed Wood's remaining arguments and find them to be without merit. Affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.

---

**2.** SDCL 23A–35A–20 provides:

Except as provided in § 23A–35A–21, a person is guilty of a Class 5 felony who being: (1) Not a sender or receiver of a telephone or telegraph communication, knowingly and by means of an instrument or device overhears or records a telephone or telegraph communication, or aids, authorizes, employs, procures or permits another to so do, without the consent of either a sender or receiver thereof; (2) Not present during a conversation or discussion, knowingly and by means of an in-

strument or device overhears or records such conversation or discussion, or aids, authorizes, employs, procures or permits another to so do, without the consent of a party to such conversation or discussion; or (3) Not a member of a jury, knowingly records or listens to by means of an instrument or device the deliverations of such jury or aids, authorizes, employs, procures or permits another to so do.