**UNITED STATES of America, Appellee,**

v.

**Belle UNDERHILL, a/k/a Belle U. Greathouse, Appellant.**

**No. 84–1826.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1985.

Decided Jan. 23, 1985.

Gerald M. Handley, Gregory O. Grounds, Kansas City, Mo., for appellant.

Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Belle Underhill was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (1982), and conspiring to distribute in violation of 21 U.S.C. § 846 (1982). Underhill appeals, claiming that she was entrapped as a matter of law and that reversible error was committed when the trial court failed to read portions of two instructions. We affirm her conviction.

## FACTS

On six occasions, Belle Underhill delivered cocaine to Susan Jones, a paid informant, and Andrew Daniels, a Kansas City police detective posing as a marijuana farmer. The deliveries took place between October 27, 1983, and January 23, 1984, and involved a total of over four pounds of cocaine which sold for a total of $98,600.

Prior to becoming an informant, Jones had been a drug user and dealer. She had seen Underhill distribute drugs to a friend in 1978 or 1979. Jones contacted Underhill in August of 1983 and told her that she was seeking a good source of cocaine. Underhill, however, said that she was no longer in the business. Convinced that Underhill was simply being cautious, Jones began to socialize with Underhill in order that they would develop a trusting relationship.

During the period in which Jones socialized with Underhill, cocaine was discussed only two other times. In September, Jones again inquired about cocaine. Underhill said that she was not sure that she could help her, but that they could continue to talk. In October, Underhill advised Jones that she had investigated Jones and that, since Jones did not appear to be an informant, they might do business. Subsequently, Underhill called Jones and set up the first cocaine deal.

Five days after this first transaction, Underhill and Detective Daniels (acting undercover) met for lunch. She told Daniels that she had engaged in cocaine dealings in the past, but was no longer involved in such activities. After this meeting, Daniels acted as Jones' "money man" in the subsequent dealings with Underhill.

The first sales involved small amounts of cocaine. Subsequently, larger deals were made, concluding at a time when a $1.23 million deal was being negotiated. The government contends that this building up process further reveals Underhill's caution. The government also points to Underhill's use of aerosol cans and "split-deliveries" to deliver the cocaine, and use of pseudonyms to identify her sources, as evidence of Underhill's sophistication as a cocaine dealer.

Underhill, on the other hand, presented testimony of a psychologist who concluded that Underhill was a passive, dependent person who would do what others asked of her in order that she might retain their friendship. The psychologist concluded that it was plausible that Underhill might have helped Jones obtain cocaine out of fear of losing Jones as a friend.

## DISCUSSION

### 1. Entrapment as a Matter of Law

It is well established that:

In order to demonstrate entrapment as a matter of law,

the evidence must clearly have indicated that a government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent.

*United States v. Shaw*, 570 F.2d 770, 772 (8th Cir.1978); *United States v. Lard*, 734 F.2d 1290 at 1293–1294 (8th Cir.

1984). In determining this issue, we must view the evidence in the light most favorable to the government. *United States v. French*, 683 F.2d 1189, 1192 (8th Cir.), *cert. denied*, 459 U.S. 972, 103 S.Ct. 304, 74 L.Ed.2d 284 (1982). Where there is conflicting evidence, "[t]he question of entrapment is ordinarily for the jury." *Holmes v. United States*, 709 F.2d 19, 20 (8th Cir.1983); *Shaw*, 570 F.2d at 772.

*United States v. Leroux*, 738 F.2d 943, 947 (8th Cir.1984).

Underhill alleges that the evidence established that she was entrapped as a matter of law and that the court erred in denying her motions for a judgment of acquittal at the conclusion of the government's case, and at the close of all the evidence, on this basis. She relies primarily upon *United States v. Lard*, 734 F.2d 1290 (8th Cir. 1984), wherein this court found that the defendant had been entrapped as a matter of law into committing the crime of selling a pipe bomb.

In *Lard*, the reluctance of the defendant to accept the government agent's solicitations to engage in criminal activity was an important factor in finding a lack of predisposition. *United States v. Lard, supra*, at 1293–96. Underhill's case is distinguishable from *Lard*, however, in that Underhill's expressed reluctance could have reasonably been found by a jury to have been an act of caution on the part of a *wary* criminal. Since a reasonable juror could have found beyond a reasonable doubt that Underhill

was predisposed to sell cocaine, entrapment as a matter of law was not established.

## 2. Jury Instruction Omissions

The trial court failed to read portions of two instructions submitted by the government. The omissions were apparently inadvertent, as the omitted portions were on the second page of each proposed instruction. Underhill failed to object to either omission.

■ First, the trial court failed to read the following portion of an instruction on burden of proof and reasonable doubt:[1]

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury should of course, adopt the conclusion of innocence.

The omitted portion of the instruction is known as a "Two Conclusions" or "Two Hypotheses" instruction. Underhill admits that such an instruction may actually not be desirable to a defendant and that no reported case has reversed a conviction for failure to give such an instruction. In *United States v. Grayson*, 597 F.2d 1225, 1230 (9th Cir.), *cert. denied*, 444 U.S. 873 & 875, 100 S.Ct. 153 & 157, 62 L.Ed.2d 99 & 102 (1979), the court held that the trial court's refusal to read such an instruction

---

**1.** The remainder of this instruction, which the court did read, instructed the jury as follows:

INSTRUCTION NO. 3: The law presumes a defendant to be innocent of a crime. Thus a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all reasonable doubt. The test is one of reasonable doubt. A reasonable doubt

is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

was not error. *See also United States v. Arambasich,* 597 F.2d 609, 614 (7th Cir. 1979); *United States v. Rucker,* 586 F.2d 899, 904 (2d Cir.1978). It is clear that the failure to read the above instruction was not plain error.

■ The trial court also failed to read the following portion of an instruction on the conspiracy charge:

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all the alleged participants. However, in determining whether a particular defendant was a member of the conspiracy, if any, the jury should consider only his acts and statements. He cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

Underhill's attorney admits that this omission "may be of little importance in view of the paucity of evidence of acts or declarations of any alleged co-conspirator of Underhill's * * * which could have been considered by the jury as tending to establish her membership." In effect, Underhill admits that any error caused by the omission was harmless. Clearly, no reversible error was caused by the omission.

In conclusion, we find that Underhill was not entrapped as a matter of law and that no reversible error was caused by the trial court's failure to read portions of the instructions. Accordingly, her conviction is affirmed.