**UNITED STATES of America, Appellee,**

v.

**Charles J. WILLIAMS, Appellant.**

No. 88–1804.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1988.

Decided May 1, 1989.

Willis L. Toney, Kansas City, Mo., for appellant.

Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judge, and HARPER,* District Judge.

BEAM, Circuit Judge.

Charles J. Williams appeals his conviction on three counts of distribution of cocaine and one count of possession with the intent to distribute cocaine. We affirm.

## I. Background

In May of 1987, an acquaintance introduced Williams to Ronald Beals. The two became friends and began to socialize and use cocaine together. Williams was unaware that during this time Beals was working as an informant for the Drug Enforcement Administration.

Pursuant to instructions from the DEA, Beals obtained cocaine from Williams on several occasions. On June 16, 1987, Williams sold .79 grams of cocaine to Beals for $300. On June 30, 1987, Beals purchased 6.9 grams of cocaine from Williams for a price of $1,650. On July 1, 1987, Beals received .9 grams of cocaine from Williams at no charge, apparently to make up for the "light" delivery the day before. On September 8, 1987, Beals arranged to purchase 855.8 grams of cocaine from Williams for $38,400. Each time Beals met with Williams, the DEA supplied Beals with the money to purchase the cocaine. In addition, discussions during the sales and all of the telephone conversations between Beals and Williams which pertained to the sales were tape recorded by the DEA.

Following the final transaction on September 8, 1987, Williams was arrested. After a jury trial, he was convicted of three counts of distribution of cocaine and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

---

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

## II. Discussion

### A. Entrapment

Throughout the entirety of this case, Williams has claimed that he was entrapped by Beals into selling cocaine. He again raises this issue on appeal. Williams contends that although he had been a user of cocaine prior to meeting Beals, he had not been a dealer. He claims that he befriended Beals, and that Beals used their friendship to entice Williams into selling drugs by convincing Williams that he could realize his dreams by making ever larger sales of cocaine. The majority of the transactions for which Williams was convicted were, he asserts, merely sales to a fellow user and not for profit.

 In order to establish entrapment as a matter of law, the record must clearly indicate:

(1) That the government agent originated the criminal plan;

(2) That the agent put the disposition to commit the crime into the defendant's otherwise innocent mind; and

(3) That the defendant committed the crime at the urging of the government agent.

*United States v. King,* 803 F.2d 387, 389–90 (8th Cir.1986) (citation omitted); *United States v. Underhill,* 753 F.2d 645, 646 (8th Cir.1985) (citations omitted). The question of entrapment is ordinarily for the jury. *Underhill,* 753 F.2d at 647 (quoting *Holmes v. United States,* 709 F.2d 19, 20 (8th Cir.1983)).

In determining this issue, we must view the evidence in the light most favorable to the government. From our review of the evidence, particularly the recordings made during the telephone conversations and the transactions themselves, we find that there was sufficient evidence for the jury to have found that no entrapment occurred.

### B. Directing the jury to continue deliberations

 After the jury came back with the verdict, the court conducted a poll of the jury to determine if the verdict was unanimous. In answer to the court's question,

"Are the verdicts I just read your individual verdicts?" the following exchange took place between the court and the foreperson of the jury, Mr. Glover:

Foreperson Glover: Well, I had a lot of difficulty with the entrapment and the first vote was—

The Court: Mr. Glover, all I want to know is if the verdicts I just read are where you came out?

Foreperson Glover: Yes.

The Court: You may have had concerns through the deliberation process. A lot of folks may have been talked about. A lot of people may have expressed concern and problems and may have talked about it, but I just want to know if you believe that the government has proved the essential elements of each of these counts beyond a reasonable doubt.

Foreperson Glover: Truthfully, no.

Transcript at vol. II, p. 123. At this point William's attorney moved for a mistrial. The district court overruled the motion and ordered the jury to return to the jury room and continue their deliberations. Prior to the jury resuming their deliberations, the court instructed the jury as follows:

All right, folks, I am going to send you back to the jury room to consider this matter a little further. And I want to remind you that you cannot return a verdict of either guilty or not guilty on any of the counts unless all of you agree. In other words, to return a verdict of guilty or not guilty your verdict must be unanimous. Now, to return a verdict of guilty on any of the counts, each of you must be convinced that the government has proved the essential elements of each of these offenses beyond a reasonable doubt.

Transcript at vol. II, p. 127. After approximately an hour, the jury returned with guilty verdicts on four of the six counts. The district court again polled the jury. The poll was unanimous and the court accepted the verdict and discharged the jury.

Williams claims that the district court erred in ordering the jury to continue their deliberations because this may have resulted in coercion of the juror, Mr. Glover. Williams asserts that once Mr. Glover's

doubts were known, the anonymity of the jury process was violated. Consequently, Williams is concerned that during the resumed deliberations Mr. Glover could have been subjected to pressure from the other jurors to conform his decision to that of the others.

Rule 31(d) of the Federal Rules of Criminal Procedure provides in part:

> When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

In a situation such as this, the trial court has the discretion to either discharge the jury or direct the jury to continue deliberations. *United States v. Johnson*, 720 F.2d 519, 521 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984) (citation omitted). Our review of the record reveals no improper conduct on the part of the court in polling Mr. Glover and, accordingly, no error in directing the jury to continue deliberations.

III. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.