UNITED STATES of America, Plaintiff–Appellee,

v.

John L. RODRIGUEZ, Defendant–Appellant.

No. 89–5591ND.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1990.

Decided Oct. 3, 1990.

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Robert J. Woods, Forest River, N.D., for defendant-appellant.

Gary Annear, Fargo, N.D., for plaintiff-appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and FRIEDMAN,* Senior Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

In this appeal, John L. Rodriguez challenges his conviction, for distribution of marijuana and possession of a firearm by a person who has been convicted of three felonies, on the grounds: (1) the district court should have suppressed the state-ment he made to a federal agent; (2) the government's evidence did not establish that the firearm had moved in interstate commerce; and (3) the court should have granted his motion for a judgment of acquittal on the narcotics charge because he was entrapped into committing the offense. We reject these contentions and affirm the conviction.

I.  In a jury trial in the United States District Court for the District of North Dakota,** Rodriguez was convicted of distribution of marijuana, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1988) (count 1), and possession of a firearm "in or affecting commerce" by a person who had been convicted of three violent felonies, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1) (count 3). He was given concurrent sentences of 14 months in prison on count 1, in accordance with the Sentencing Guidelines, and 15 years' imprisonment on count 3, the mandatory minimum, placed on supervised release for three years after his imprisonment, and ordered to pay a special assessment of $100.

The facts are not in dispute and may be briefly stated. Oasheim told North Dakota local police officers that he knew people who were selling drugs, and offered to buy some from Rodriguez. Oasheim purchased half an ounce of marijuana from Rodriguez for $50, with a fifty-dollar bill the police had given him. When Rodriguez left the house where the sale was made and drove away, surveillance officers intercepted him, stopped the car, arrested him, and took a loaded pistol from his right rear pocket and plastic bags containing cocaine and marijuana from another pocket. Pursuant to a warrant, officers searched the house where the sale of marijuana was made and found the fifty-dollar bill that Oasheim had used to make the purchase.

While Rodriguez was in local custody, Agent Nahon of the Federal Bureau of Alcohol, Tobacco and Firearms interviewed

---

* DANIEL M. FRIEDMAN, Senior Circuit Judge, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** The Honorable Paul Benson, United States Senior District Judge for the District of North Dakota.

him. After giving Rodriguez *Miranda* warnings, Nahon told Rodriguez that he wanted to talk about the firearm. Rodriguez told Nahon that he had purchased the gun in Los Angeles two or three months earlier and had brought it back to North Dakota when he returned to the latter state. At the trial, Nahon testified about Rodriguez' statement to him.

Rodriguez filed a motion to suppress his statement to Nahon. The district court denied the motion, finding that

> prior to interrogation by Special Agent Nahon on July 14, 1989, defendant voluntarily and knowingly signed a waiver of his *Miranda* rights, and immediately thereafter voluntarily gave Special Agent Nahon a "statement." The court further FINDS that at the time defendant gave his statement he knew the nature of the offenses of which he was suspected.

II. Rodriguez first argues that his statement to Nahon should have been suppressed under *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897), which bars a confession "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Rachlin v. United States*, 723 F.2d 1373, 1377 (quoting *Bram*, 168 U.S. at 542–43, 18 S.Ct. at 186–87) (8th Cir.1983). Rodriguez contends that "there were implied promises of benefits and leniency made to him by Agent NAHON which coerced the confession and admissions."

Rodriguez points to nothing in the record, however, that sustains his claim that "Agent NAHON'S actions amounted to an implied promise of some sort of benefit to the defendant if he were to discuss the firearm." To the contrary, it appears that, after receiving *Miranda* warnings, Rodriguez freely and voluntarily told Agent Nahon how he had acquired the pistol in California and brought it back to North Dakota. Here, as in *Rachlin*, where a similar contention was made, "we find no indication that the agents here engaged in any direct or implied promises, coercive tactics or threats." 723 F.2d at 1378.

III. An essential element of the offense for which Rodriguez was convicted in count 3 was that the firearm he possessed when arrested was "in or affecting commerce." Rodriguez argues that the government did not prove this element of the offense beyond a reasonable doubt.

The commerce element of the provisions involved in this case, like that of other statutes barring the possession of firearms by convicted felons, is satisfied by proof that "the firearm [had] been, at some time, in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977). *See also United States v. Savage*, 863 F.2d 595, 600 n. 4 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989), where we approved a jury instruction that "[t]he government may meet its burden of proving that the possession of the firearm was in or that it affected commerce if it is demonstrated that the firearm possessed by a convicted felon had previously traveled in interstate commerce."

The government's evidence in this case was sufficient to support the jury determination that the firearm previously had moved in interstate commerce. Agent Nahon testified that Rodriguez told him that Rodriguez had purchased the firearm in California and transported it from there to North Dakota. Nahon also testified that the firearm had been manufactured in Michigan by Bauer. The evidence established a sufficient nexus to interstate commerce. *Cf. United States v. Glass*, 761 F.2d 479, 480 (8th Cir.), *cert. denied*, 474 U.S. 856, 106 S.Ct. 161, 88 L.Ed.2d 134 (1985).

IV. Finally, Rodriguez contends that the district court improperly denied his motion for judgment of acquittal because he was entrapped into selling the narcotics. He argues that the government's failure to present any evidence that he "was predisposed to commit a drug offense" was a fatal flaw in the case.

The burden of proving entrapment, of course, is on the defendant. In order to prevail in an entrapment defense, "the record must clearly indicate ... (2) that the

[government] agent put the disposition to commit the crime into the defendant's otherwise innocent mind...." *United States v. Williams,* 873 F.2d 1102, 1104 (8th Cir. 1989).

The evidence here falls far short of establishing entrapment as a matter of law. There is no suggestion of overreaching by the government agent or indication of repeated importunities of, or pressures upon, Rodriguez to make the sale. Oasheim informed the police that he believed he could purchase marijuana from Rodriguez. When he approached Rodriguez to make a purchase, Rodriguez was fully willing and ready to sell narcotics, which he did without any apparent objection. Rodriguez was not entrapped into selling drugs.

The judgment of the district court is affirmed.