983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Anthony Dewayne RAMEY, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Rickey Ricardio JOHNSON, Defendant-Appellant.
 Nos. 91-5083, 91-5117.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 3, 1992
Decided: January 6, 1993
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-91-14-R)
 ARGUED: George David Nixon, King, Fulghum, Snead, Nixon & Grimes, P.C., Roanoke, Virginia, for Appellant.
 Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 ON BRIEF: Jonathan M. Apgar, Damico & Apgar, Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 Anthony Dewayne Ramey
 
 1
 Anthony Dewayne Ramey was convicted of conspiracy to commit robbery, see 18 U.S.C.A. § 371 (West 1966), armed robbery, see 18 U.S.C.A. § 2113(a), (d) (West 1984 & Supp. 1992); 18 U.S.C.A. § 2 (West 1969), and carrying a firearm during the commission of a violent crime, see 18 U.S.C.A. § 924(c) (West Supp. 1992); 18 U.S.C.A § 2 (West 1969).[1] Ramey raises several assignments of error attacking his convictions. Concluding that these contentions are without merit, we affirm.
 
 I.
 
 2
 Rickey Ricardio Johnson and Dedrick Lee Wiley admitted their involvement in a robbery of the Roanoke General Electric Employees Federal Credit Union (credit union). Both testified that Ramey was also involved and that he supplied the firearm used in the commission of this crime. Ramey admitted that he was with Johnson at the time, date, and place of the robbery, but claimed that he was not a party to the robbery.
 
 
 3
 Charles Perkins, the general manager of the credit union, testified that the credit union was federally chartered and federally insured. The defense objected to Perkins' testimony. The district court overruled the objection, holding that as general manager, Perkins was in a position to give this testimony.
 
 
 4
 After Ramey was convicted by a jury, the district court imposed a concurrent sentence of 41 months imprisonment on the conspiracy and robbery counts, see United States Sentencing Commission, Guidelines Manual, § 2B3.1 (Nov. 1990), a consecutive term of 60 months imprisonment for carrying a firearm during the commission of a violent crime, see 18 U.S.C.A. § 924(c) (West Supp. 1992), a term of supervised release of three years, and a special assessment of $150.
 
 II.
 
 5
 Ramey appeals his convictions, contending that the Government did not prove that the credit union was federally insured on the date of the robbery or that the firearm used in the commission of the robbery traveled in interstate commerce. Additionally, Ramey asserts that the testimony of Charles Perkins concerning the federal insurance issue was inadmissible, and that the testimony of accomplices Johnson and Wiley was insufficient to support his convictions.
 
 
 6
 After carefully reviewing the record and viewing the facts and inferences therefrom in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we find no merit to Ramey's claims. The Government, through Perkins, did offer sufficient evidence on which a jury reasonably could conclude that the credit union was federally insured on the date of the robbery, see Fed. R. Evid. 602; see also United States v. Safley, 408 F.2d 603, 605 (4th Cir.), cert. denied, 395 U.S. 983 (1969). Furthermore, there was sufficient evidence produced to establish that the firearm used had traveled in interstate commerce, see United States v. Rodriguez, 915 F.2d 397, 399 (8th Cir. 1990). Finally, the testimony of accomplices Johnson and Wiley was sufficient to support Ramey's convictions. Accordingly, the convictions are affirmed.
 
 Rickey Ricardio Johnson[2]
 
 7
 Rickey Ricardio Johnson pled guilty to armed robbery, see 18 U.S.C.A. § 2113(a), (d) (West 1984 & Supp. 1992); 18 U.S.C.A. § 2 (West 1969), and using a firearm during the commission of a violent crime, see 18 U.S.C.A. § 924(c) (West Supp. 1992); 18 U.S.C.A. § 2 (West 1969). The remaining count of the indictment, conspiracy to commit robbery, see 18 U.S.C.A. § 371 (West 1966), was dismissed. Johnson was sentenced to 41 months imprisonment for armed robbery, see United States Sentencing Commission, Guidelines Manual, § 2B3.1 (Nov. 1990), a consecutive term of 60 months imprisonment for carrying a firearm during the commission of a violent crime, see 18 U.S.C.A. § 924(c) (West Supp. 1992), a term of supervised release of three years, and a special assessment of $100.
 
 
 8
 Johnson claims that the district court erred in not departing downward on the basis of his alleged substantial assistance to the Government. Because the Government did not move for a downward departure pursuant to 18 U.S.C.A. § 3553(e) (West Supp. 1992), and United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1990), the court was without authority to depart on this basis. See Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992). Further, there was no showing that the Government agreed to make this motion or in any way acted in bad faith.
 
 
 9
 In a supplemental brief, Johnson also raises the issue of whether the credit union was federally insured. The fact that the credit union had purchased separate insurance from a company organized under state law does not establish that it was not federally insured. We have carefully considered Johnson's supplemental brief and conclude that it sets forth no grounds upon which relief should be granted.
 
 AFFIRMED
 
 
 [1]
 The district court dismissed Ramey's conviction on Count IV, possession by a convicted felon of a firearm that has traveled in interstate commerce, 18 U.S.C.A. §§ 922(g), 924(a)(2) (West Supp. 1992), "as far as imposing any sentence."
 
 
 [2]
 On December 3, 1992, this court granted Johnson's motion to submit his appeal for a decision on the briefs