**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Markum Lynn FITZHUGH, Defendant–Appellant.**

No. 92–8216
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1993.

Walter M. Reaves, Jr., West, TX (court-appointed), for defendant-appellant.

Richard L. Durbin, William W. Johnston, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, TX, for plaintiff-appellee.

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

POLITZ, Chief Judge:

Markum Lynn Fitzhugh appeals his conviction of firearm possession by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and the sentence imposed by the district court. Finding neither error nor abuse of discretion, we affirm.

### Background

On October 16, 1990, Fitzhugh burglarized the home of a Deputy United States Marshal, stealing a loaded .38 caliber pistol. The marshal's fourteen-year-old daughter, present in the house during the burglary, avoided detection by hiding in a bedroom but could not summon police because Fitzhugh disconnected the telephones. Fitzhugh had broken into the house on two prior occasions, on the first taking photographs of the firearms kept there to show potential purchasers and on the return stealing a .22 caliber rifle and a .30 caliber fully automatic carbine. Fitzhugh traded the pistol for methamphetamine and sold the other two weapons to acquaintances.

Fitzhugh pleaded guilty to an indictment for possession of a firearm by a felon and "true" to the allegation that his criminal history qualified him for enhanced sentencing under the armed career criminal act, 18 U.S.C. § 924(e). Finding Fitzhugh guilty of a crime of violence, the district court sentenced him as a career offender under U.S.S.G. § 4B1.1 to 480 months imprisonment. Fitzhugh appealed his sentence. Concluding that the trial court erroneously applied section 4B1.1, we vacated the sentence and remanded for resentencing.[1] On remand, the district court reimposed its original sentence.[2] Fitzhugh again timely appealed, challenging both his conviction and sentence.

### Analysis

#### 1. Validity of the Conviction

Fitzhugh challenges both the indictment and factual basis for the guilty plea, contending that because they assert only that the weapon he possessed moved at one time in interstate commerce they fail to allege and establish a violation of 18 U.S.C. § 922(g)(1).[3] Fitzhugh finely parses that statute, noting its varying language concerning the requisite connection of each prohibited act to interstate commerce.[4] He suggests, in the absence of clear direction from this court,[5] that use of the present

1. *United States v. Fitzhugh,* 954 F.2d 253 (5th Cir.1992).

2. Under U.S.S.G. § 2K2.1, Fitzhugh's conviction results in a base offense level of 12. Because U.S.S.G. § 4B1.4, governing sentencing of armed career offenders, did not become effective until after Fitzhugh's commission of the crime at issue, the trial court determined that it could not utilize that guideline. The trial court concluded under U.S.S.G. § 5G1.1(b) that the Guidelines imposed the statutory minimum sentence of 180 months, equating to an offense level of 29 in criminal history category VI. The court then departed upward 11 levels to reflect Fitzhugh's extensive criminal history and permitted a two-level reduction for acceptance of personal responsibility, resulting in an offense level of 38 and a Guideline Sentencing Range of 360 months to life.

3. At the outset, we note that Fitzhugh's failure to raise this issue in his first appeal calls into question his ability to raise it now. *See United States v. Fiallo–Jacome,* 874 F.2d 1479 (11th Cir.1989); *Brooks v. United States,* 757 F.2d 734 (5th Cir.1985) (party precluded from raising issue for first time in subsequent appeal where issue did not arise from proceedings following remand after initial appeal); *compare United States v. Williams,* 679 F.2d 504 (5th Cir.1982) (court had authority in second direct appeal to hear claims of criminal defendant not presented in government's earlier appeal from grant of motion for judgment of acquittal), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 963 (1983). However, because we find Fitzhugh's claim meritless, we pretermit this preliminary question. Similarly, we need not address the government's contention that Fitzhugh waived this issue by entering a guilty plea.

4. Section 922(g)(1) forbids shipping or transportation "in interstate or foreign commerce," possession "in or affecting commerce," and receipt of firearms "which [have] been shipped or transported in interstate commerce."

5. Although we have not squarely addressed the issue presented by this case, in the context of considering the constitutionality of § 922(g)(1) we have noted that its "in or affecting commerce" language "typically signal[s] a congressional intent to exercise its Commerce Clause power broadly...." *See United States v. Wallace,* 889 F.2d 580, 583 (5th Cir.1989) (citation

perfect tense to describe that nexus with respect to receipt, considered against use of the present tense in the possession context, indicates that only possession of a firearm having a *present* connection to interstate commerce violates section 922(g)(1). Although facially appealing, this argument fails to persuade.

■ A prohibition on possession "in or affecting commerce" admits of several possible interpretations. Faced with such ambiguity, we look beyond statutory language to fathom a meaning consistent with legislative intent.[6] Congress enacted section 922(g)(1) in 1986, repealing its predecessor 18 U.S.C. § 1202(a). In *Scarborough v. United States*,[7] the Supreme Court interpreted section 1202(a) as prohibiting possession by felons of firearms which had at any time moved in interstate commerce. Against the backdrop of *Scarborough*, the inclusion in section 922(g)(1) of interstate commerce language almost identical to that found in section 1202(a)[8] suggests intent to continue the former statute's broad reach.[9] Legislative history similarly substantiates this intent.[10] We conclude, in accord with our colleagues in other circuits,[11] that a convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1).

**2. Sentencing Issues**

■ Fitzhugh challenges the district court's calculation of his criminal history score and its upward departure from the Guideline range. We accept district court fact findings relating to sentencing unless clearly erroneous,[12] but review *de novo* application of the Guidelines.[13] We may disturb sentences imposed under the Guidelines only if "imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or ... outside of the applicable guideline range and ... unreasonable."[14] We find no such error here.

**a. Criminal History Assessment—**

■ Fitzhugh claims that the trial court erroneously failed to treat 15 prior burglary sentences as related under U.S.S.G. § 4A1.2(a)(2), and erroneously assigned separate criminal history points for each. The official commentary treats prior convictions consolidated for trial or sentencing as related under section 4A1.2(a)(2).[15] We

---

omitted), *cert. denied*, 497 U.S. 1006, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990).

**6.** *See Crandon v. United States*, 494 U.S. 152, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990); *Dibidale of Louisiana, Inc. v. American Bank & Trust Co.*, 916 F.2d 300 (5th Cir.1990) (in face of ambiguity, court may look to legislative history), *modified on other grounds*, 941 F.2d 308 (5th Cir. 1991).

**7.** 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977).

**8.** Former section 1202(a) prohibited firearm possession "in commerce or affecting commerce" by convicted felons.

**9.** *See Lorillard v. Pons*, 434 U.S. 575, 580–81, 98 S.Ct. 866, 869–70, 55 L.Ed.2d 40 (1978); 2A Norman J. Singer, *Sutherland Statutory Interpretation* § 45.15, at 80 (5th ed. 1992).

**10.** *See* H.R.Rep. No. 495, 99th Cong., 2d Sess. 23 (1986), *reprinted in* 1986 U.S.C.C.A.N. 1327, 1349 ("Persons are now unqualified from receiving, possessing or transporting firearms in interstate or foreign· commerce or firearms which have been shipped or transported in interstate or foreign commerce....").

**11.** *United States v. LeGrand*, 976 F.2d 728 (4th Cir.1992) (unpublished opinion); *United States*

*v. Fish*, 928 F.2d 185 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991); *United States v. Rodriguez*, 915 F.2d 397 (8th Cir.1990); *United States v. Buggs*, 904 F.2d 1070 (7th Cir.1990); *United States v. Schoolcraft*, 879 F.2d 64 (3d Cir.), *cert. denied*, 493 U.S. 995, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989); *United States v. Sherbondy*, 865 F.2d 996 (9th Cir.1988).

**12.** We will set aside a finding of fact as clearly erroneous only "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mitchell*, 964 F.2d 454, 457–58 (5th Cir.1992) (quoting *Anderson v. City of Besemer City*, 470 U.S. 564, 572, 105 S.Ct. 1504, 1510, 84 L.Ed.2d 518 (1985)).

**13.** *E.g., United States v. Shell*, 972 F.2d 548 (5th Cir.1992).

**14.** *United States v. Acosta*, 972 F.2d 86, 90 (5th Cir.1992) (*citing* 18 U.S.C. § 3742(e); other citation omitted).

**15.** U.S.S.G. § 4A1.2, comment 3. The official comment also identifies two other theories not here relevant under which section 4A1.2 would consider prior sentences related. Section 4A1.2 does not, however, consider as related, sen-

review district court determinations about such relatedness *de novo*.[16] As Fitzhugh acknowledges, we have held that imposition of concurrent sentences in a single proceeding, while relevant to the § 4A1.2(a)(2) inquiry, will not alone support a finding of relatedness.[17] Although the Texas court imposed concurrent 15–year prison terms for the prior offenses at issue in a single proceeding, the record reflects no other linkage.[18] Fitzhugh's contention lacks merit.

#### b. The Upward Departure—

■ Fitzhugh challenges the reasonableness, adequacy, and methodology of the district court's upward departure. Sentencing courts may impose sentences outside the range established by the Guidelines in cases presenting "aggravating or mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."[19] The district court must state on the record its reasons for departing from the guideline sentencing range, however, 18 U.S.C. § 3553(c), and the departure must be reasonable.[20]

■ Fitzhugh's claim that the district court departed unreasonably from the guideline sentence need not long detain us. We agree that the district court departed substantially by imposing a sentence 25 years longer than the 15–year sentence set by the guidelines. We cannot, however, find this departure unreasonable. Under the guidelines, failure of the criminal history category adequately to reflect the defendant's past criminal conduct or likelihood of recidivism supports upward departure.[21] The court *à quo* faced a defendant with a then-unprecedented criminal history score of 57—more than four times the minimum score for criminal history category VI. That remarkable score did not take into account five burglary charges dismissed as part of a plea agreement or even an appreciable fraction of the estimated 1200 to 1300 burglaries which Fitzhugh admitted to the probation officer during the presentence investigation. These egregious facts fully support the reasonableness of the sentence imposed.

■ Fitzhugh also asserts that the district court erred by increasing the offense level as a means of departure. Contrary to Fitzhugh's assertion, we have not disapproved of the process by which the district court arrived at the sentence. As long as the district court imposes a reasonable sentence, the fact that it took account of egre-

tences for offenses separated by an intervening arrest. *Id.* Thus, the trial court could not treat any of the eight sentences which Fitzhugh received for burglaries which he committed before his March 11, 1983 arrest as related to any of the seven sentences he received for burglaries committed after that arrest and before his June 1983 arrest.

**16.** *See United States v. Garcia,* 962 F.2d 479 (5th Cir.1992) (noting absence of an express holding on this subject and opting for *de novo* review), *cert. denied,* — U.S. ——, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992).

**17.** *E.g., Garcia.*

**18.** Fitzhugh asserts *LaPorte v. State,* 832 S.W.2d 597 (Tex.Crim.App.1992) (withdrawn from bound volume) as supporting the proposition that the burglary convictions were "consolidated for sentencing." In *LaPorte,* the Texas Court of Criminal Appeals held that, where a defendant stands trial for more than one offense in a single proceeding, the absence of a motion for consolidation under Tex. Penal Code § 3.02

does not preclude application of Tex. Penal Code § 3.03, which prohibits consecutive sentencing where multiple offenses are tried in a single criminal action. The applicability *vel non* of Tex. Penal Code § 3.03 does not affect our analysis. The record reflects no order of consolidation by the Texas court. This argument fails to persuade. *Cf. United States v. Ainsworth,* 932 F.2d 358 (5th Cir.) (mere fact that cases tried together does not equate to consolidation under U.S.S.G. § 4A1.2(a)(2)), *cert. denied,* — U.S. ——, — U.S. ——, 112 S.Ct. 327, 112 S.Ct. 346, 116 L.Ed.2d 267, 116 L.Ed.2d 286 (1991).

**19.** 18 U.S.C. § 3553; *see also* U.S.S.G. § 4A1.3 (district court may depart from guideline sentence where criminal history score inadequately reflects past criminal conduct or likelihood of recidivism).

**20.** *U.S. v. Velasquez–Mercado,* 872 F.2d 632 (5th Cir.), *cert. denied,* 493 U.S. 866, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989).

**21.** U.S.S.G. § 4A1.3.

gious criminal history by increasing the offense level does not require reversal.[22]

Finally, Fitzhugh argues that the district court erred in failing to indicate on the record its reasons for refusing to impose some sentence greater than 15 and less than 40 years. Our cases evince some confusion concerning the justification which a sentencing court must provide when departing upward under U.S.S.G. § 4A1.3.[23] We need not seek to resolve this confusion, however, in order to decide the instant case, for even if the district court failed properly to justify the degree of its departure, the result of our review is the same.[24] In light of the highly unusual facts of this case, we are persuaded that the procedure suggested by Fitzhugh would have produced an identical sentence. The record before us provides an adequate basis for appellate review.

### Conclusion

For the foregoing reasons, the conviction and sentence imposed are AFFIRMED.

---

**22.** *See United States v. Carpenter,* 963 F.2d 736 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 355, 121 L.Ed.2d 269 (1992). We find further support in an amendment to U.S.S.G. § 4A1.3, effective November 1, 1992, providing that where the sentencing court finds criminal history category VI inadequate and wishes to depart upward, "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." That is exactly what the court did here.

**23.** *Compare United States v. Lopez,* 871 F.2d 513 (5th Cir.1989) (sentencing court departing to account for criminal history must state definitely that it has considered incremental adjustments to criminal history category) *with United*

States v. Harvey, 897 F.2d 1300 (5th Cir.) (*Lopez* confined to cases involving low criminal history scores), *cert. denied,* 498 U.S. 1003, 111 S.Ct. 568, 112 L.Ed.2d 574 (1990). We have ordered rehearing *en banc* to address this issue in *United States v. Lambert,* 963 F.2d 711 (5th Cir.1992). As Fitzhugh vigorously asserts, our colleagues in other circuits have resolved this issue favorably to him. *See, e.g., United States v. Aymelek,* 926 F.2d 64 (1st Cir.1991) (district court must justify degree of departure); *United States v. Jackson,* 921 F.2d 985 (10th Cir.1990) (*en banc*) (same); *United States v. Ward,* 914 F.2d 1340 (9th Cir. 1990) (same); *United States v. Thomas,* 906 F.2d 323 (7th Cir.1990) (same).

**24.** *See Williams v. United States,* —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).