IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40503
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN HANCOCK,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
UDC No. 1:96-CR-115-2
- - - - - - - - - -
February 10, 1998
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

     John Hancock appeals his sentence following his guilty-plea conviction to possession of crack cocaine with intent to distribute.

     He argues that the district court erred by overruling his objection to a two-point increase for possession of a firearm during a drug transaction because it was his brother Noel Hancock who possessed the gun and sold it following the drug transaction. It was reasonably foreseeable to Hancock that his brother would

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possess a firearm during the commission of a drug-trafficking offense, as Hancock helped the buyer locate Noel to facilitate the buying of the gun in addition to separately selling the buyer crack cocaine. The district court did not clearly err by overruling the objection to the enhancement. See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997), cert. denied, 1998 WL 5907 (U.S. Jan. 12, 1998) (No. 97-6829), and cert. denied, 1998 WL 5908 (U.S. Jan. 12, 1998) (No. 97-6839).

Hancock argues that the trial court erred by overruling his objection to the addition of four points to his criminal history score for two juvenile adjudications. He contends that the two offenses were related and should have been counted as only one offense, rather than two separate offenses. The two offenses could not have been considered related because they were separated by an intervening offense. See U.S.S.G. § 4A1.2, comment. (n.3). The district court did not err by overruling the objection. See United States v. Fitzhugh, 984 F.2d 143, 147 & n.15 (5th Cir. 1993).

AFFIRMED.