IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40716
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO EMILIO RAYO,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-167-ALL
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Pablo Emilio Rayo (Rayo) appeals his guilty-plea conviction for possession with intent to distribute cocaine base. He argues the district court erred in sentencing him as a career offender because his two prior felony convictions for possession of narcotics with intent to sell were related for purposes of U.S.S.G. § 4A1.2(a)(2). He also argues that his conviction is unconstitutional under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), because his indictment did not allege the drug quantity used for sentencing.

This court reviews de novo the district court's finding that Rayo's prior convictions were not related. United States v.

_____

* Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Robinson, 187 F.3d 516, 519 (5th Cir. 1999).  "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."  U.S.S.G. § 4A1.2, comment. (n.3).

Rayo committed the offense of possession of narcotics with intent to sell on January 27, 1988, and was arrested on that same date.  His second offense of possession of narcotics with intent to sell and the resulting arrest occurred on September 29, 1988.  Accordingly, the commission of the first and second offenses was separated by an intervening arrest (the arrest on January 27, 1988), and the offenses, according to the U.S.S.G.'s official commentary, are unrelated.  We further note that the factors cited by Rayo to support his relatedness argument have been specifically rejected by this court.  See Robinson, 187 F.3d at 519-20; United States v. Fitzhugh, 984 F.2d 143, 146-47 (5th Cir. 1993).

Rayo failed to raise the Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), issue in the district court.  Consequently, review is limited to plain error.  See United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000).  As conceded by Rayo in his appellate brief, his sentence, determined by the applicable guidelines, is within the statutory maximum, 20 years, and therefore, Apprendi is inapplicable.  See United States v. Keith, 230 F.3d 787 (5th Cir. 2000).

AFFIRMED.