IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40158
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR TOBIAS-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-384-1
--------------------
December 27, 2001
Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Salvador Tobias-Perez pleaded guilty to count 2 of an indictment charging him for possession with intent to distribute marijuana. Tobias has appealed his conviction and sentence.

Tobias contends that his guilty plea should be vacated because he was advised erroneously at the rearraignment that he was subject to a four-year period of supervised release, when in fact he was subject to a four-to-five-year period of supervised release. We review this question for harmless error. See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc); see also Fed. R. Crim. P. 11(h). To determine whether flawed advice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding supervised release is harmless, this court typically compares the statutory maximum sentence to the "worst case" scenario that a defendant could face if supervised release were revoked on the last day of its term.  See United States v. Hekimain, 975 F.2d 1098, 1101-03 (5th Cir. 1992) (citing United States v. Bachynsky, 934 F.2d 1349, 1359-60 (5th Cir. 1991) (en banc)); see also United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir. 2000), cert. denied, 121 S. Ct. 1748 (2001). Because Tobias understood that he could have received a maximum term of imprisonment of 40 years, and because that term exceeds both his maximum aggregate period of incarceration and his "worst case" scenario, the district court's noncompliance with Fed. R. Crim. P. 11 was harmless error.  See Cuevas-Andrade, 232 F.3d at 444.

Tobias contends that the district court erred in adjusting his offense level under U.S.S.G. § 3C1.2 for reckless endangerment.  Tobias argues that there was no evidence that he endangered other motorists in attempting to flee from Border Patrol agents.  The probation officer's finding as to reckless endangerment was based upon an agent's statement that Tobias had attempted to evade arrest by fleeing in his vehicle and that there were other cars which Tobias must have passed at a high rate of speed.  Tobias offered no evidence in rebuttal.  The probation officer's factual findings bore sufficient indicia of reliability to support their probable accuracy.  See United States v. Young, 981 F.2d 180, 185 (5th Cir. 1992).  The district court's implicit reliance on these findings in overruling Tobias'

objection to the U.S.S.G. § 3C1.2 enhancement was not clearly erroneous.  See United States v. Fitzhugh, 984 F.2d 143, 146 (5th Cir. 1993) (standard of review).  The judgment is

AFFIRMED.