IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41491
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GONZABA SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-01-CR-142-1)
--------------------
August 14, 2002

Before DAVIS, WIENER, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Gonzaba Salinas ("Salinas") appeals from his guilty plea conviction and sentence for possession of marihuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(D).

Salinas argues that the district court erred in its application of U.S.S.G. § 4A1.2 by counting two prior burglary convictions separately, which increased his criminal history score and resulted in the application of the career offender enhancement. Salinas cannot make the requisite showing that the prior cases were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consolidated.  See United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998).  Salinas' reliance on LaPorte v. Texas, 840 S.W.2d 412 (Tex. Crim. App. 1992) (en banc), is misplaced.  See United States v. Fitzhugh, 984 F.2d 143, 147 n.18 (5th Cir. 1993).

Salinas also argues that the district court erred when it included special conditions of supervised release in its written judgment that were not orally pronounced at sentencing or, alternatively, that the district court erred by delegating to the probation officer the authority to set the timing and amount of drug/alcohol detection and treatment.  Salinas concedes that this argument is foreclosed by our decision in United States v. Warden, 291 F.3d 363 (5th Cir. 2002).

Salinas next argues that 21 U.S.C. § 841, the statute under which he was convicted, is unconstitutional in light of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). Salinas concedes that this argument is foreclosed by our prior ruling in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).  Because we cannot overrule an earlier panel's decision, we reject Salinas' argument with respect to these issues.  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999), cert. denied, 528 U.S. 1091 (2000); United States v. Mathena, 23 F.3d 87, 91 (5th Cir. 1994).

For the foregoing reasons, we AFFIRM Salinas's conviction and sentence.