IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10995
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BEAM RUNYAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CR-47-1-C
--------------------
March 7, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Robert Runyan appeals the sentence imposed by the district court following our second remand. See United States v. Runyan, 290 F.3d 223, 251-52 (5th Cir. 2002), cert. denied, 123 S. Ct. 137 (2002). In Runyan's last appeal, we reversed his Count 3 conviction for distribution of child pornography and determined that his Count 1 conviction for sexual exploitation of a minor should have been grouped with his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions on Count 4 for receipt, and Count 5 for possession, of child pornography.  Id.  On remand, the district court grouped Runyan's Counts 1, 4, and 5 convictions and calculated Runyan's offense level under U.S.S.G. § 2G2.2, the section of the Sentencing Guidelines that produced the highest offense level.  This resulted in a sentence of 240 months' imprisonment on Count 1, and 180 months each on Counts 4 and 5, to run concurrently with Count 1's 240 months.

Runyan contends that the sentencing court's application of § 2G2.2 was based on an erroneous finding that he possessed child pornography with intent to traffic.  He argues that (1) if § 2G2.2 was applied based on his conviction for receipt of child pornography, it was error, because § 2G2.4, not § 2G2.2, should apply to receipt of child pornography convictions; (2) his sentence of 180 months' imprisonment for possession of child pornography (Count 5) was above the statutory maximum of five years; and (3) the enhancement of his offense level under § 2G2.2(b)(2) and (5) for distributing child pornography and use of a computer, was error.  We disagree as to all contentions.

The district court correctly determined that Runyan's receipt conviction warranted calculating his offense level under § 2G2.2. See United States v. Canada, 110 F.3d 260, 264 (5th Cir. 1997). His sentence of 180 months' imprisonment for possession of child pornography did exceed the five year maximum term for the offense, see 18 U.S.C. § 2252A(a)(5)(B) and (b)(2); but Runyan raises the

issue for the first time in his instant appeal, and issues are waived if they could have been raised in a prior appeal but were not. United States v. Becerra, 155 F.3d 740, 757 (5th Cir. 1998); United States v. Fitzhugh, 984 F.2d 143, 145 n.3 (5th Cir. 1993). Furthermore, even if we were to address this claim, we would reject it: Runyan has not shown that reducing his sentence for Count 5 to the statutory maximum would affect the length of his term of imprisonment, given his concurrent sentences of 240 months' and 180 months' imprisonment for Counts 1 and 4. Neither has he demonstrated that unfavorable collateral consequences could result if his Count 5 sentence is not corrected. See United States v. Meshack, 225 F.3d 556, 557 (5th Cir. 2000), amended on reh'g, 244 F.3d 367 (5th Cir.), cert. denied, 122 S. Ct. 142 (2001), overruled on other grounds, United States v. Cotton, 122 S. Ct. 1781 (2002). Even if it were not waived, this error would not warrant vacating his sentence and remanding for resentencing.

We perceive no merit in Runyan's assertion that his sentence for distribution of child pornography should not be enhanced because his intent to distribute was associated with his Count 1 offense and not his offenses for Counts 4 or 5. See United States v. Myers, 198 F.3d 160, 165-66 (5th Cir. 1999); U.S.S.G. § 3D1.3 comment.(n.3). Like his claim regarding the Count 5 sentence's exceeding the statutory maximum, Runyan's claim that his offense-level enhancement for use of the computer should not apply because he did not transmit (but only received) child pornography through

3

use of a computer is not subject to review. He waived the claim when he failed to assert it in his prior appeal. <u>See</u> <u>Becerra</u>, 155 F.3d at 757. Besides, the argument is without merit. <u>See</u> <u>United States v. Richardson</u>, 238 F.3d 837, 841-42 (7th Cir. 2001).

The sentence imposed on Runyan by district court at resentencing is, in all respects, AFFIRMED.