United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51308
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROWDY WAYNE ROYALL, also known as
Rowdy Royall,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-155-1
---------------------

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rowdy Wayne Royall appeals his guilty-plea conviction for

attempting to manufacture methamphetamine.  Royall argues on

appeal that only violations of the federal statutes listed in

application note 19 to U.S.S.G. § 2D1.1 trigger the two-level

enhancement under U.S.S.G. § 2D1.1(b)(5)(A).  He also argues for

the first time on appeal that he did not violate 49 U.S.C.

§ 5124, a statute listed in application note 19, because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Government did not prove that he moved anhydrous ammonia in interstate commerce. Royall's legal arguments regarding the operation and applicability of the application note presuppose there was no error in the application of the enhancement itself. Because we find this premise to be false, we do not reach the legal arguments presented by Royall with respect to the application note.

The district court's legal conclusions are reviewed *de novo,* and its findings of fact are reviewed for clear error. United States v. Fitzhugh, 984 F.2d 143, 146 (5th Cir. 1993). Our review of the record indicates that there was insufficient evidence presented to the district court to support its application of the enhancement under U.S.S.G. § 2D1.1(b)(5)(A). The enhancement is applicable under U.S.S.G. § 2D1.1(b)(5)(A)(i) if the offense involved "an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance." See U.S.S.G. § 2D1.1(b)(5)(A)(i). Although the presentencing report contained evidence that there was a discharge, emission, or release of ammonia fumes and the Government argued that anhydrous ammonia is a hazardous material, there was no evidence presented to the district court to support a finding that the discharge, emission, or release of anhydrous ammonia in this case was "unlawful."

The enhancement is applicable under U.S.S.G. § 2D1.1(b)(5)(A)(ii) if the offense involved "an unlawful

transportation, treatment, storage, or disposal of a hazardous waste." See U.S.S.G. § 2D1.1(b)(5)(A)(ii). The Government argued that Royall unlawfully transported and stored the anhydrous ammonia in violation of federal and state laws, including 49 U.S.C. § 5124, 42 U.S.C. § 6928, and Texas Health and Safety Code § 504.001. The Government did not provide sufficient evidence that a violation of any of these statutes supported the enhancement, however, as it did not show that the anhydrous ammonia in this case was a "hazardous waste."

We note that, even if the anhydrous ammonia in this case was a hazardous waste, the Government did not prove that the transportation of anhydrous ammonia in this case was "unlawful" under 49 U.S.C. § 5124. The Government argued that Royall violated 49 U.S.C. § 5124 because Royall was transporting anhydrous ammonia in violation of the Hazardous Materials Table under 49 C.F.R. § 172.101. The table, however, does not speak to the transportation of hazardous substances in passenger motor vehicles.

Accordingly, as there was no evidence presented to the district court to show that Royall's actions were "unlawful" under either part of the enhancement and because there was no evidence presented to the district court that the anhydrous ammonia in this case was a "hazardous waste" as required by the second part of the enhancement, the district court's finding that the enhancement applied was clearly erroneous. Royall's sentence

is vacated, and the case is remanded to the district court for resentencing.

     VACATED AND REMANDED.