United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20468
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY CRISTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-604-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gary Criston was convicted in a bench trial for being a

felon in possession of a firearm, and the district court

sentenced him to 77 months' imprisonment, three years' supervised

release, and a $100 special assessment, which the district court

ordered remitted on motion of the Government.

Criston argues on appeal that the statute of conviction,

18 U.S.C. § 922(g)(1), is unconstitutional because it does not

require a substantial effect on interstate commerce and is thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

an improper exercise of Congress's power under the Commerce Clause. Alternatively, Criston argues that (1) his indictment was defective for failing to allege that his specific offense substantially affected interstate commerce and (2) the factual basis for his conviction was insufficient because the evidence established only that the firearm had traveled across state lines at some unspecified point in the past.

Criston raises his arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Fitzhugh, 984 F.2d 143, 145-46 (5th Cir. 1993).

Criston also argues that the district court's inclusion of a written condition of supervised release prohibiting him from possessing a dangerous weapon must be stricken because it conflicts with the district court's oral pronouncement of sentence. This issue has been decided adversely to Criston. See United States v. Torres-Aguilar, 352 F.3d 934, 937-38 (5th Cir. 2003).

Criston has shown no error in connection with his conviction and sentence. Accordingly, the judgment of the district court is AFFIRMED.