United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

─────────────────

No. 06-20123

─────────────────

UNITED STATES OF AMERICA

       Plaintiff - Appellee

v.

CHARLES EARL SMITH

       Defendant - Appellant

───────────────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:05-CR-212-3

───────────────────────────────────────

Before KING, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Charles Earl Smith appeals the sentence imposed by the district court upon his convictions for one count of conspiracy to steal mail, in violation of 18 U.S.C. §§ 371 and 1708, and two counts of aiding and abetting in the theft of mail, in violation of 18 U.S.C. §§ 2 and 1708. He argues on appeal that the district court erred by: (1) sua sponte departing from the Sentencing Guidelines range without giving advance notice to

─────────────

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the defense and (2) refusing to treat his four 1999 Texas forgery convictions as "related" sentences under § 4A1.2(a)(2) of the Sentencing Guidelines. For the following reasons, we AFFIRM the sentence imposed by the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant-appellant Charles Earl Smith admitted to stealing outgoing mail from mailboxes to obtain checks on two occasions, once in September 2004 and again in October 2004. His co-defendants, Ronald Gale Thibodeaux and Dezra Omar Duff, also participated in this scheme. After obtaining the checks the defendants would take the checks to a "guy named Rex." Rex would then take the checks to someone else who would "wash" them and insert new dollar amounts and name either Smith, Duff, or Thibodeaux as the new payee. Then the new payee would cash the check, keeping half and giving half to Rex.

Smith, Thibodeaux, and Duff were charged in an indictment with one count of conspiracy to steal mail, in violation of 18 U.S.C. §§ 371 and 1708, and two counts of aiding and abetting each other in the theft of mail, in violation of 18 U.S.C. §§ 2 and 1708. Smith pleaded guilty to the charges.

Applying the U.S. Sentencing Guidelines ("U.S.S.G."), the Presentence Investigation Report ("PSR") calculated Smith's total offense level at eight and his criminal history at VI, resulting in an advisory sentencing range of eighteen to twenty-four

months' imprisonment.  Smith raised two objections to the PSR.

First, Smith objected to the amount of loss attributed to him

based on holding him accountable for co-defendants who cashed

stolen mail checks before he entered the conspiracy.  Second,

Smith objected that the four forgery offenses from 1999 should

not be counted separately, but rather considered "related" cases

under U.S.S.G. § 4A1.2(a)(2).  The court granted Smith's

objection to the amount of loss attributed to Smith, which

lowered the total offense level to six, with an advisory

sentencing range of twelve to eighteen months, but denied the

objection relating to the forgery offenses.

The district court sentenced Smith to thirty months'

imprisonment on each count to run concurrently.

## II. DISCUSSION

**A.    Rule 32(h) Notice**

Smith does not claim that the extent of the departure was

unreasonable or that the resulting sentence was unreasonable.

Rather, Smith argues that the district court erred by sua sponte

departing[1] upwardly without any advance notice to the defense, as

---

[1]  The briefs for Smith and the government both treat the
sentence as a Guidelines sentence, as distinguished from a non-
Guidelines sentence, and the government concedes error, see
infra, in the failure of the district court to give notice that
it was considering an upward departure.  Neither party has
identified or briefed the question whether, post United States v.
Booker, 543 U.S. 220 (2005), the district court is required to
give such notice in the case of a Guidelines sentence or a non-
Guidelines sentence.  Accordingly, we assume, without deciding,

3

required by Rule 32(h) of the Federal Rules of Criminal Procedure. The government concedes that the district court erred by departing from the Sentencing Guidelines without providing advance notice to the parties but contends that the error was harmless. The doctrine of harmless error applies because Smith timely objected to the lack of notice. See United States v. Olano, 507 U.S. 725, 734 (1993). Harmless error, which must be disregarded, is "[a]ny error, defect, irregularity, or variance that does not affect [the] substantial rights" of the defendant. FED. R. CRIM. P. 52(a). "An error affects substantial rights [] if it affects the outcome of the district court proceedings." United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005) (citing Olano, 507 U.S. at 734; United States v. Akpan, 407 F.3d 360, 377 (5th Cir. 2005); United States v. Munoz, 150 F.3d 401, 413 (5th Cir. 1998)). Smith objected to the lack of notice at sentencing; thus, the burden is on the government to show that the error was harmless and did not affect the sentence received. Id. The government has met its burden.

Rule 32(h) states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a

_____

that such a notice was required.

4

departure.

FED. R. CRIM. P. 32(h).

At sentencing, the district judge made clear that he departed upward from the Guidelines range not only because of the nature and circumstances of the offense but also because the shorter sentences Smith received in the past had not adequately deterred Smith from committing additional forgeries and similar crimes.

Smith argues that had he been given notice that the district court was considering departing upward from the range based on Smith's criminal record, then he could have investigated the criminal history of his two co-defendants, who received shorter sentences. However, this evidence would have changed the sentence given by the district judge. Although Thibodeaux did have three felony forgery convictions on his record, those convictions were not as recent as Smith's and Thibodeaux was in a lower criminal history category.[2] Because the district judge stated that he thought the range suggested by the Sentencing Guidelines substantially understated the seriousness of this defendant's conduct, it is highly unlikely that the district judge would have adjusted Smith's sentence merely because his co-defendant had three felony convictions for

---

[2] Two of Thibodeaux's convictions were from 1980, and the other was from 1998.

forgery.[3]  Accordingly, we find that the failure of the district

court to give notice of a potential upward departure, if error

it was, constituted harmless error.

**B.    "Related" Cases Under U.S.S.G. § 4A1.2(a)(2)**

Smith claims that the trial court erroneously failed to

treat his four prior forgery sentences from 1999 as related

under U.S.S.G. § 4A1.2(a)(2) and erroneously assigned separate

criminal history points for each.  The Sentencing Guidelines

provide that, in assessing a defendant's criminal history

points, "[p]rior sentences imposed in related cases are to be

treated as one sentence for purposes of § 4A1.1(a),(b), and

(c)."   U.S.S.G. § 4A1.2(a)(2).  The commentary to the U.S.S.G.

§ 4A1.2 defines "related cases" as follows:

> Prior sentences are not considered related if
> they were for offenses that were separated by
> an intervening arrest (i.e., the defendant is
> arrested for the first offense prior to
> committing the second offense).  Otherwise,
> prior sentences are considered related if they
> resulted from offenses that (A) occurred on
> the same occasion, (B) were part of a single
> common scheme or plan or (C) were consolidated
> for trial or sentencing.

U.S.S.G. § 4A1.2, cmt. n.3.  Smith's argument focuses on whether

his prior forgery convictions were functionally consolidated for

---

[3]  That it is unlikely that the judge would have sentenced
Smith to a lesser sentence had Smith presented more detailed
descriptions of the co-defendants' history is underscored by the
fact the judge knew that both co-defendants were in lower
criminal history categories than Smith.  Smith's argument makes
clear that the only new information he would have presented is
that Thibodeaux had forgery convictions.

6

trial or sentencing.

Generally, we review de novo the district court's application of the Sentencing Guidelines. See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). However, the determination whether prior convictions were functionally consolidated for trial or sentencing is a question of fact that is afforded deferential review under the clear-error standard. See Buford v. United States, 532 U.S. 59, 66 (2001). A finding is not clearly erroneous if it is plausible in light of the record as a whole. See Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 574 (1985).

Smith committed four forgery offenses in January 1999 on different dates, in different locations, against different individuals and banks, with different amounts. He was arrested for all four offenses on the same day. He also received his sentence for all four offenses by the same court on the same date and received one year in jail, to be served concurrently, for each offense. However, there was no formal consolidation order, and the cases had different docket numbers.

Smith argues that his prior forgery convictions should be considered consolidated because the requirements under LaPorte v. State, 840 S.W.2d 412 (Tex. Crim. App. 1992), have been met. LaPorte held that in certain situations in which a defendant stands trial for more than one offense in a single proceeding, the lack of formal consolidation will not prevent application of

the Texas statute which prohibits consecutive sentencing for consolidated sentences.  Id. at 413-14.  However, Smith's argument fails because this court has determined that LaPorte is not dispositive of the consolidation issue for § 4A1.2 purposes. United States v. Fitzhugh, 984 F.2d 143, 147 n.18 (5th Cir. 1993).

As part of this argument, Smith also contends that the four forgeries would be considered the same criminal episode pursuant to the Texas Penal Code and that the probation officer conceded this fact in the PSR.  But Smith has not supported this argument with facts other than to state that the offenses are part of the same criminal episode because they are repeated commissions of the same offense.  The probation officer merely stated that they appear to be part of a common scheme or plan, presumably in light of the fact that all four occurred in the same month and involved similar activity.  The PSR does not concede that the cases are related.  Rather it cites United States v. Ford and notes that similar offenses are not necessarily part of a common scheme or plan for relatedness purposes.  See 996 F.2d 83, 86 (5th Cir. 1993).  To be part of a common scheme or plan, there must be evidence that they were jointly planned or that the commission of one would entail the commission of the other.  See United States v. Robinson,187 F.3d 516, 520 (5th Cir. 1999) (holding that crimes were related when the defendant planned the commission of the second crime during the course of the first

8

crime).  No such evidence exists in this case.

The district court's findings that the forgeries were not consolidated and thus not related is also consistent with Fifth Circuit authority.  We have held that in the absence of a formal consolidation order, the listing of multiple offenses in the same criminal information under the same docket number is sufficient to find those offenses were functionally consolidated.  See United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998).  Whether a case was functionally consolidated is less clear when cases have different docket numbers, but cases will not be deemed consolidated just because the defendant was sentenced for each offense on the same day or received identical, concurrent sentences.  See United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999) (holding two drug possession offenses that occurred one week apart were not related even though the defendant was sentenced by the same judge on the same date for each offense and the sentences were concurrent).

The district court did not clearly err in concluding that the four prior forgery sentences were unrelated.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Smith's sentence.