# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 06-20254

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

v.

ALAN MICHAEL ROSARIO,

                                    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CR-87

Before SMITH and SOUTHWICK, Circuit Judges, and ENGELHARDT, District Judge.[*]

PER CURIAM:[**]

Alan Rosario pleaded guilty of possession of a firearm by a convicted felon.

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Based on several prior convictions, the presentence report calculated a criminal history category of V. At sentencing, the district court determined that the applicable offense level was 18; the recommended guidelines range was therefore 51-63 months' imprisonment. Because the court found that category V understated the seriousness of Rosario's criminal history, however, it made an upward departure to criminal history category VI,[1] resulting in a new guidelines range of 57-71 months. The court then sentenced Rosario to 71 months.

Rosario appeals on the ground that he did not receive the required presentencing warning that the court was contemplating an upward departure. He did not raise that objection in the district court, however, so we review only for plain error. FED. R. CRIM. P. 52(b).

To prove plain error, Rosario must "show (1) there was error, (2) the error was plain, (3) the error affected his 'substantial rights,' and (4) the error seriously affected 'the fairness, integrity or public reputation of judicial proceedings.'" United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007) (quoting United States v. Olano, 507 U.S. 725, 732, 734 (1993)). And to satisfy the "substantial rights" prong, "in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. Further, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." Id.

If a district court is contemplating a departure "on a ground not identified for departure either in the presentence report or in a party's prehearing submis-

---

[1] Rosario argues that raising "the criminal history category from V to VI based on additional information does not constitute an upward departure under the definition from the Guidelines Manual." That is incorrect. If a district court determines that "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history . . ., an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1) (2004). Further, the term "upward departure" in § 4A1.3 is given the same definition as it is elsewhere in the guidelines. See U.S.S.G. § 41A.3 cmt. n.1 (2004) (cross-referencing general guidelines definitions for the term "upward departure").

sion, the court must give the parties reasonable notice that it is contemplating such a departure." FED. R. CRIM. P. 32(h). We considered whether failure to give such notice was plain error in United States v. Jones, 444 F.3d 430, 443 (5th Cir. 2006). There, the defendant claimed that the lack of notice prevented him from raising an objection to the upward departure. We found that even if the objection had been made, it was not "reasonably probable that the district court would have chosen a lesser sentence . . . ." Id. We therefore affirmed, because the defendant had not demonstrated prejudice. Id.[2]

Although the court erred when it did not give notice of the potential departure,[3] Rosario has not borne his burden of persuasion with respect to prejudice. Specifically, he has failed to show (or even argue) that the error affected the outcomeSSi.e., that he would have received a lower sentence had the district court properly given notice.

The judgment of sentence is therefore AFFIRMED.

---

[2] See also United States v. Smith, No. 06-20123, 2007 WL 14664, at *2 (5th Cir. Jan. 3, 2007) (per curiam) (unpublished) (affirming sentence where evidence defendant would have presented if given notice "would [not] have changed the sentence given by the district judge"), cert. denied, 127 S. Ct. 2280 (2007).

[3] We reject the government's argument that "notice was not required because the district court did not contemplate, nor did it impose, a sentence outside of the applicable Guidelines range." The government apparently read the guidelines table to provide a range of 57-71 months for a total offense level of 18 and a criminal history score of V. In fact, the table provides for 51-63 months.