# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10286
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL RAY MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-321-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Ray Medina appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He admitted to the factual resume, which explained that Medina possessed a firearm that was not manufactured in Texas and that "necessarily traveled at an indeterminate time to Texas."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10286

Medina contends that his guilty plea was not supported by a sufficient factual basis to establish a violation of § 922(g) in light of the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077 (2014).  Medina acknowledges that his failure to object to the sufficiency of the factual basis of his guilty plea results in plain error review.  *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  He argues that reading § 922(g) to cover possession of a firearm that traveled across state lines at an unknown point in the past would allow the Government to criminalize activity that had a minimal relationship to interstate commerce.  Medina concedes that the decision in *Bond* does not plainly overrule this court's decision in *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993), but raises the issue to preserve it for further review.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea."  *Trejo*, 610 F.3d at 313 (footnote omitted).  To establish plain error, Medina must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

In enacting § 922(g), we have held that Congress intended to describe broadly the connection between commerce and the prohibited possession of a firearm by a felon.  *See United States v. Shelton*, 937 F.2d 140, 143 (5th Cir. 1991).  In addition, we have held that "a convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)," *Fitzhugh*, 984 F.2d at 146, and have rejected attempts to deconstruct the

language of § 922(g) as to differentiate among the activities that it prohibits in terms of various degrees of involvement in interstate commerce, *see, e.g., Shelton*, 937 F.2d at 143.

The Supreme Court's decision in *Bond* did not abrogate our holdings in these cases. *See Bond*, 134 S. Ct. at 2092. As Medina concedes, the district court's finding that there was a sufficient factual basis for his guilty plea was not a clear or obvious error in light of this case law. *See Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.