# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DEMON NIXON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-189-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Demon Nixon appeals his above-guidelines 105-month sentence on his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In support of his guilty plea, he stipulated that he possessed a pistol that had previously been shipped and transported in interstate and foreign commerce. Now on appeal, he argues for the first time that his guilty plea was not supported by a sufficient factual basis to establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10450

a violation of § 922(g)(1) because that statute should be construed to reach only firearms that moved in interstate commerce in response to the defendant's conduct or in the recent past. Nixon concedes that his challenge to the sufficiency of his factual basis is foreclosed by this court's decision in *United States v. Fitzhugh*, 984 F.2d 143, 145-46 (5th Cir. 1993), but he suggests that his proposed construction of § 922(g)(1) is supported by the Supreme Court's decision in *Bond v. United States*, 572 U.S. 844 (2014), and he wishes to preserve the issue for further review.

Federal Rule of Criminal Procedure 11(b)(3) "requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Although Nixon argues that an unpreserved objection to the sufficiency of the factual basis for his guilty plea should not be subject to plain-error review, he concedes that this court has held to the contrary. *See id.*

In *Fitzhugh*, 984 F.2d at 146, this court rejected an indistinguishable challenge to the sufficiency of a factual basis, concluding that "a convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)." The Supreme Court's decision in *Bond* did not address § 922(g)(1) or abrogate this holding. *See Bond*, 572 U.S. at 848; *see also United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (discussing this court's rule of orderliness). As Nixon concedes, the district court's finding that there was a sufficient factual basis for his guilty plea was not a clear or obvious error in light of this case law. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief are DENIED.