# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2021

Lyle W. Cayce
Clerk

No. 20-10837
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SELVIN LEONELL HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-401-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Selvin Leonell Hernandez appeals his convictions on two counts of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Hernandez contends that the district court plainly erred by accepting his guilty pleas absent evidence that he personally moved a firearm in interstate

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

commerce or that a firearm was moved in interstate commerce in the recent past, which he argues are required elements of a § 922(g)(1) offense. He concedes that his challenge to his convictions is foreclosed by *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993), in which we held that "a convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)." But he argues that *Fitzhugh* was abrogated by the Supreme Court's decision in *United States v. Bond*, 572 U.S. 844 (2014). Relying on *Fitzhugh*, the Government moves for summary affirmance, agreeing with Hernandez that his appeal of the factual basis of his guilty pleas is foreclosed. Alternatively, the Government moves for an extension of time to file a merits brief.

Neither party cites, nor are we are of, any published authority addressing *Bond*'s effect on the interpretation of § 922(g)(1). Because it cannot therefore be said that the Government's position is "clearly right as a matter of law," summary affirmance is inappropriate in this case, and we deny the Government's motion for summary affirmance. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Nonetheless, finding no plain error, we affirm the judgment without the need for further briefing. *See generally Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). The absence of binding authority discussing *Bond*'s effect on § 922(g)'s federal nexus element renders the question of error in this case, at best, subject to reasonable dispute. *See Puckett*, 556 U.S. at 135. "By definition, that is not plain error." *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir. 2012).

The Government's motion for summary affirmance and its alternative motion for an extension of time are each DENIED. The judgment is AFFIRMED.