United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20011
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO CRUZ-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-171-1
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Cruz-Perez appeals from his conviction of illegal reentry following deportation after conviction of an aggravated felony. He contends that the district court erred by denying his motion for suppression of evidence and dismissal of his indictment because his previous removal proceeding violated the Due Process Clause due to the immigration judge's failure to inform him of the possibility of discretionary relief from deportation; that the district court erred by treating his two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state-court robbery convictions separately when calculating his criminal history score; and that 8 U.S.C. § 1326(b) is facially unconstitutional.

Cruz-Perez's argument that his previous removal order violated the Due Process Clause is foreclosed. United States v. Lopez-Ortiz, 313 F.3d 225, 230-31 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003). The district court's finding that Cruz-Perez's February 1995 robberies were not informally consolidated and were unrelated was not clearly erroneous. See Buford v. United States, 532 U.S. 59, 64-66 (2001). Cruz-Perez's robberies were factually distinct, and they were neither formally nor informally consolidated in any manner recognized by this court. See United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998); United States v. Fitzhugh, 984 F.2d 143, 147 n.18 (5th Cir. 1993). Finally, Cruz-Perez's argument regarding the constitutionality of 8 U.S.C. § 1326(b) is foreclosed. United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.