United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-20011
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCO ANTONIO CRUZ-PEREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:03-CR-171-1

_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[1]

This court affirmed Marco Antonio Cruz-Perez's conviction and sentence. United States v. Cruz-Perez, 110 Fed. Appx. 457 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Cruz-Perez v. United States, 125 S.Ct. 1613 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental brief, Cruz-Perez argues that the district court erred by sentencing him under a mandatory sentencing guidelines range greater than the range authorized solely by his own admissions, based upon the district court's findings made by only a preponderance of the evidence.[2] Cruz-Perez concedes that he did not raise a Booker claim on direct appeal, but instead did so for the first time in his petition for writ of certiorari. This court has held that, in the absence of extraordinary circumstances, the court will not consider Booker-related arguments raised for the first time in a petition for a writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Because Cruz-Perez did not raise his Booker-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). Under the plain error standard, we may correct an error in Cruz-Perez's sentence only if he demonstrates that "there

_____

[2]Cruz-Perez acknowledges that the following contentions are foreclosed by our precedent, but raises them to preserve them for further review by the Supreme Court: (1) that application of the plain error standard is inappropriate because it would have been futile for him to have objected to application of the mandatory guidelines in the light of Fifth Circuit precedent existing at the time of his sentencing, or because the remedial portion of Booker was novel and unforeseeable at the time of his sentencing; (2) that the Booker error was structural or presumptively prejudicial; (3) that this court's standard of review for plain error applied in Mares and United States v. Bringier, 405 F.3d 310 (5th Cir.), cert. denied, 126 S.Ct. 264 (2005), is inconsistent with (because it is more stringent than) the reasonable probability standard announced in United States v. Dominguez-Benitez, 124 S.Ct. 2333 (2004).

is (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal citations and quotation marks omitted).  The first two prongs are satisfied here, because Cruz-Perez was sentenced pursuant to a mandatory sentencing guidelines range based on facts found by the judge but not admitted by him.  See United States v. Creech, 408 F.3d 264, 271-72 (5th Cir. 2005).

To satisfy the third prong of the plain error test, Cruz-Perez must show, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."  United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005).  Cruz-Perez argues that the Booker errors affected his substantial rights because he was sentenced on the basis of a Guidelines range that exceeded the Guidelines range supported by his admissions, in violation of his due process and Sixth Amendment rights. He contends that Booker's remedial holding (striking the statutory provisions making the Sentencing Guidelines mandatory) cannot, consistently with due process, be applied retroactively against him, because to do so would violate his Sixth Amendment right to be sentenced only on the basis of the facts admitted in his guilty plea.  This contention is

3

foreclosed by <u>Booker</u>. See <u>United States v. Scroggins</u>, 411 F.3d 572, 576 (5th Cir. 2005) (rejecting a similar argument and holding that both the Sixth Amendment holding of <u>Booker</u> and its remedial interpretation of the Sentencing Act apply to all cases on direct review).

Cruz-Perez also contends that his substantial rights were affected because there is a reasonable probability that, but for the error of believing that the Guidelines were mandatory, the district court would have imposed a lower sentence. He asserts that the sentence imposed was directly linked to the Sixth Amendment flaw in the calculation of the imprisonment range, and the imprisonment range thus should have been lower.

Cruz-Perez has not demonstrated that his substantial rights were affected. He has not pointed to anything in the record to indicate that there is a reasonable probability that the district court would have imposed a lesser sentence under advisory guidelines. Because Cruz-Perez has not shown plain error, he cannot satisfy "the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari". <u>Taylor</u>, 409 F.3d at 677.

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Cruz-Perez's conviction and sentence.

JUDGMENT REINSTATED.

4